SISEMORE *v.* NEAL.

5-2992                                                     367 S. W. 2d 417

Opinion delivered May 13, 1963.

*Jeff Duty,* for appellant.

*Dickson, Putman, Millwee & Davis,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation presents solely a question of law. On April 7, 1959, appellant's wife, Mildred Sisemore, was involved in an automobile accident with a car driven by appellee, Junior Neal. On May 14, 1959, Mrs. Sisemore instituted suit against appellee in the Washington Circuit Court, alleging certain acts of negligence, and praying judgment for pain and suffering, loss of earnings, and medical bills in her own right. In July, 1960, the case was tried, and the jury rendered a verdict for appellee herein. No appeal was taken from this judgment.

On November 21, 1961, appellant, Paul Sisemore, filed the instant suit in his own right, against Neal, seeking to recover for loss of consortium, and medical and hospital expenses, this suit arising out of the same accident. Judgment was sought in the amount of $27,000.00. Neal answered, contending that any cause of action stated by appellant "is barred by *res judicata,*" and subsequently filed his request for Admissions of Fact which were in due time answered by appellant.[1]

---

[1] Answers included admissions that Mrs. Sisemore, in her suit, sought recovery of some of the medical and doctor bills for which appellant seeks judgment in this case. Also, Mrs. Sisemore sought judgment for loss of earnings up to the time of filing her complaint.

Appellee then filed his motion for Summary Judgment as follows:

"That based on the pleadings in said case, on defendant's Request for Admissions of Fact, on plaintiff's Response to said Request for Admissions of Fact, and on the pleadings and judgment filed and rendered in Civil Case No. 3196 on file in the office of the Circuit Clerk of Washington County, Arkansas, and **appearing of record in Volume 33** of the judgment records of said Circuit Clerk, there is no genuine issue as to any **material fact** and that said defendant is entitled to judgment as a matter of law. All the foregoing pleadings, admissions and judgment entered in Case No. 3196 are made a part of this motion by reference."

The court granted the motion, and entered its judgment dismissing Sisemore's complaint with prejudice. From such judgment, appellant brings this appeal.

Though a different type of action was involved, and the suit was heard in Chancery, this court, in *Fleming* v. *Cooper,* 225 Ark. 634, 284 S. W. 2d 857, quoted from 50 C. J. S., Section 798, Page 342, as stating the general and applicable rule:

" A wife will be concluded by a **judgment in an action** for or against her husband with respect to any right or interest which she claims through or under him; and so likewise will a husband be concluded by a judgment for or against the wife in respect of a right or interest which he claims through or under her."

A similar situation presented itself in *Tollett* v. *Mashburn,* 183 F. Supp. 120 (U. S. District Court, W. D. Ark.). In that case, a husband sought recovery for medical expenses and loss of consortium as a result of injuries to his wife. Judge John E. Miller, in a persuasive opinion, noted that the wife was barred from recovering for her injuries by the statute of limitations, and then stated:

"Unless the defendants are liable to the plaintiff, Berthenia Tollett, they cannot be liable to her husband, Kelsie Tollett. Without doubt the claim of Berthenia

Tollett is barred by the Statute of Limitations, and, since it is barred, the claims of Kelsie Tollett for damages, if any, arising from the assault and battery are likewise barred.''

The court then quoted from *Desjourdy* v. *Mesrobian*, 52 R. I. 146, 158 A. 719, as follows:

'' 'The husband's right of action for the loss of services and expense in caring for his wife is concomitant with and dependent upon an actionable injury to her. To recover he must prove in the first instance all that his wife would have to prove in order to recover. If the plaintiff's contention is sustained, the analogous situation arises that the main action is barred and the dependent action may be prosecuted notwithstanding.' ''

On appeal, the Court of Appeals, Eighth Circuit, affirmed[2] this holding, stating:

''We conclude that the trial court correctly interpreted the law of Arkansas and that the appellant Kelsie Tollett's claim must fall with that of his wife. It may be noted that this comports with the decisions of other jurisdictions that the husband's right to special damages for medical expenses or loss of consortium is derivative and depends upon the wife's successful suit for damages.''

In 27 Am. Jur., Section 506, Page 108, appears the following statement:

''Generally however, the cause of action for loss of consortium of the wife does not exist in the husband, unless the defendant would have been liable directly to the wife for the injury to her occasioning the consequential loss to the husband.''

Likewise, in Section 507, Page 109:

''Furthermore, it may be noted that ordinarily a defendant cannot be held liable for consequential injuries to the husband unless he also would have been liable to the wife for the direct injury to her.''

---

[2] *Tollett* v. *Mashburn*, 291 F. 2d 89 (1961).

Appellant relies on the case of *Little Rock Gas & Fuel Co.* v. *Coppedge,* 116 Ark. 334, 172 S. W. 885. But that case only holds that the husband has a separate cause of action (distinct from his wife's cause of action) for loss of consortium. The question now presented was not involved in that litigation.

We think logic unquestionably supports the view here taken. To permit a second suit would authorize "two bites" and would have the actual effect of rendering the prior judgment, wherein Neal was exonerated of liability, a nullity.

Under the authorities herein cited, we hold that the action of the trial court in dismissing appellant's complaint (on the ground that his derivative action for medical expenses and loss of consortium was barred by the adverse judgment in the wife's suit) was correct, and should be affirmed.

It is so ordered.