**Shirley G. STICKNEY, Plaintiff,**

**v.**

**E. R. SQUIBB & SONS, INC., a Delaware corporation, Defendant.**

**No. 73–234–Orl–Civ–R.**

United States District Court,
M. D. Florida,
Orlando Division.

June 21, 1974.

786

J. David McFadden, Hoffman, Hendry, Parker & Smith, Daytona Beach, Fla., for plaintiff.

Monroe E. McDonald, Sanders, McEwan, Mims & McDonald, Orlando, Fla., for defendant.

## ORDER

REED, District Judge.

This action was originally commenced in the Circuit Court for the Seventh Judicial Circuit of the State of Florida on 14 June 1972, and was removed to the Federal Court on 17 July 1972 by a Petition for Removal asserting jurisdiction here by reason of the diverse citizenship of the parties and the amount in controversy.

The cause is now before the Court on a motion for summary judgment filed by the defendant E. R. Squibb & Sons, Inc. on 7 December 1973.

The plaintiff's claim is asserted in the First Amended Complaint filed herein on 19 October 1973. Therein the plaintiff alleges that her husband, while a patient at Halifax District Hospital in Volusia County, Florida, on 26 July 1966, received an implant of a material produced by the defendant known as Bo-Plant. As a result of the implant, complications followed with the ultimate result that the plaintiff was deprived of her husband's consortium from 17 September 1969 to the date of his death. Plaintiff's claim for damages is for her loss of such consortium and for punitive damages. The theory on which the plaintiff predicates her claim is that the defendant was liable to the plaintiff's husband on any or all of the following grounds, to-wit, implied warranty, express warranty, negligence, or fraud, and by reason of such liability the plaintiff has a derivative claim for loss of consortium.

The defendant, in support of its motion for summary judgment, has called the Court's attention to the opinion of the Florida First District Court of Appeal in the case of E. R. Squibb & Sons, Inc. v. Shirley Stickney, as Executrix of the Estate of David S. Stickney, Deceased, Fla.App.1973, 274 So.2d 898. At the hearing on the present motion for summary judgment, counsel for the plaintiff in this case conceded that the plaintiff here is the same Shirley G. Stickney named as appellee in the opinion of the First District Court of Appeal mentioned above. It was further conceded by counsel for the plaintiff that plaintiff here was at all material times the wife of David S. Stickney who was, before his death, the appellee in the case

before the First District Court of Appeal, supra.

It appears from the opinion of the First District Court of Appeal in E. R. Squibb & Sons, Inc. v. Shirley G. Stickney, as Executrix of the Estate of David S. Stickney, Deceased, that David S. Stickney, the husband of the present plaintiff, during his lifetime filed an action against the defendant E. R. Squibb & Sons, Inc. in the Circuit Court for Volusia County, Florida, for damages arising out of the Bo-Plant implant mentioned above. Following a jury verdict in favor of Mr. Stickney, the defendant filed a direct appeal to the District Court of Appeal for the First Judicial District. During the pendency of the appeal, Mr. Stickney died and his personal representative, the plaintiff in the present case, was substituted as a party appellee in the appellate proceeding. She, of course, was before the appellate court only in her capacity as a personal representative of her husband's estate.

From the opinion of the First District Court of Appeal, it appears that Mr. Stickney's claim against the defendant E. R. Squibb & Sons, Inc., in his state action, was founded on exactly the same facts and theories of liability as those on which the present plaintiff founds her claims of liability, namely express and implied warranty, fraud, and negligence with respect to the Bo-Plant implant administered to Mr. Stickney. The District Court of Appeal, in a lengthy opinion, held that Mr. Stickney had failed to establish by competent proof " . . . that Squibb was guilty of a breach of implied or express warranty, negligence or fraud . . . " Having so held, the Court of Appeal remanded the cause to the trial court with an instruction to enter a judgment in favor of E. R. Squibb & Sons, Inc. This decision of the District Court of Appeal for the First District has now become final by reason of the fact that on 28 September 1973 the Florida Supreme Court declined to review the decision and, thereafter, on 4 December 1973 denied a petition for rehearing. See 285 So.2d 414.

By the state court litigation it has, therefore, been conclusively established that the defendant is not liable to the plaintiff's husband on any of the four theories asserted in her First Amended Complaint as establishing a predicate for liability to her. Thus, the question presented by the present motion for summary judgment is whether or not the plaintiff may now relitigate, in support of her separate claim for damages as against the same defendant, the four theories of liability which were asserted by her husband and adjudicated in favor of the defendant through the state trial and appellate processes. This Court views the question as one of substantive law which must be controlled by the law of the State of Florida.

In the case of Gates v. Foley, Fla. 1971, 247 So.2d 40, 45, the Florida Supreme Court held that a wife has a cause of action for the loss of her husband's consortium occasioned by a negligent injury to her husband. In that case, the Court stated:

"The rule that we now recognize is that the wife of a husband injured as a proximate result of the negligence of another shall have a right of action against that same person for her loss of consortium. We further hold that her right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant."

It is thus obvious from the opinion in Gates v. Foley that an essential element of a wife's cause of action for loss of consortium attendant on a negligent injury to her husband is the fact of a right of recovery in the husband as against the same defendant from whom the wife seeks to recover for loss of consortium.

Under Florida law, it is the general rule that all persons who are neither parties to a judgment nor privies to such parties are wholly free from the estoppel of a judgment. There is,

however, an important exception to this rule which has been recognized in Florida in connection with wrongful death actions. It has been held that where one asserts a wrongful death claim to recover for his damages occasioned by the death of a spouse, the claimant is barred if the deceased spouse during his lifetime was held not to have had a cause of action on account of the transaction which brought an end to his life. See Hill v. Colonial Enterprises, Inc., Fla. App.1969, 219 So.2d 51, and Collins v. Hall, 1935, 117 Fla. 282, 283, 157 So. 646, 647. In Collins v. Hall, the plaintiff's husband was injured in an automobile accident. He brought an action against the party allegedly responsible. The action resulted in a final judgment for the defendant. Subsequent thereto, the husband died and his wife filed a claim for damages under the Florida Wrongful Death Statute which at the time appeared as § 7047 and § 7048, Compiled General Laws 1927. The trial court entered a judgment for the defendant in the wife's wrongful death action. The Florida Supreme Court affirmed, stating:

> "The court below was without error in upholding the sufficiency of the plea of estoppel by judgment. Under the statute, section 7047, Comp.Gen. Laws, the widow had no cause of action for the death of her husband unless in the language of the statute, the negligence alleged as the cause of such death was 'such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action * * * and to recover damages in respect thereof.' This issue, going to the existence of the cause of action against the defendant, had been adjudicated adversely to plaintiff in error's husband in the action brought by him in his lifetime. . . ."

The principle of Collins v. Hall should apply with equal force to the present situation. In the present case, although the wife is not attempting to assert a statutory cause of action for wrongful death, she is, however, asserting a cause of action which like a wrongful death action involves as an essential element of the cause of action liability by the defendant to the person sustaining the primary injury—in this case the husband; in the wrongful death action, the decedent. This being so, there can be no meaningful distinction between the present situation and that before the Court in Collins v. Hall, and the same result should follow.

For the foregoing reason, it is the conclusion of the Court that the plaintiff here is estopped by the judgment in the case in which the defendant was adjudicated without liability to the plaintiff's husband on account of the same transaction which forms the basis of the plaintiff's present claim. Consequently, the defendant's motion for summary judgment should be granted.

It is, therefore,

Ordered that the defendant's motion for summary judgment be and the same is hereby granted, and the Clerk is directed to enter judgment in favor of the defendant with costs to be taxed in accordance with law.