**Mrs. James D. JONES, Plaintiff,**

v.

**Billy Joe BEASLEY and Osborn Transportation, Inc., Defendants.**

**Civ. A. No. 78–192–MAC.**

United States District Court,
M. D. Georgia,
Macon Division.

July 31, 1979.

Alford Wall, Roswell, Ga., for plaintiff.

Owen J. Adams, Thomaston, Ga., Joseph H. Chambless, of Harris, Watkins, Taylor & Davis, Macon, Ga., for defendants.

BOOTLE, Senior District Judge:

The plaintiff in this diversity action asks damages for loss of consortium allegedly suffered because of defendants' negligent infliction of personal injuries on plaintiff's husband in an automobile collision which occurred September 28, 1976. Plaintiff's husband, on November 9, 1977, filed suit in this court asking for his damages for personal injuries incurred in the same collision. On May 3, 1978, judgment was entered on a jury verdict favorable to defendants. *Jones v. Beasley*, CA 77–188–MAC. Plaintiff's suit was filed in state court on September 8, 1978 and subsequently removed to this court by defendants.

The history of the litigation in this court over the same automobile collision prompted this court to suggest to the parties that issues of preclusion through the doctrine of collateral estoppel should be explored. The defendants have responded with an excellent brief supporting the application of preclusion principles in this case and with a motion to amend their answer to assert a defense of collateral estoppel. Despite this court's announced briefing schedule, which has long since expired, plaintiff has failed to make any response to the legal issues presented by this case. In fact, the only response made by plaintiff was a proposal made at a pre-trial hearing seeking to divest this court of jurisdiction by amending the complaint to reduce the damages sought to less than $10,000. This amendment has not been made and, indeed, if made would not divest this court of jurisdiction. *Best v. American National Growers Corp.*, 197 F.Supp. 170 (E.D.S.C.1961).

This court hereby grants defendants' motion to amend by adding as their Seventh Defense the doctrine of collateral estoppel. The issue thus raised will now be considered by this court.

The first question is choice of law. For most purposes, a federal court in a diversity action is bound by state law. Un-

der Georgia law collateral estoppel would not preclude plaintiff's lawsuit. *Russ Transport, Inc. v. Jones*, 104 Ga.App. 612, 122 S.E.2d 282 (1961); *Owens v. Williams*, 87 Ga.App. 238, 73 S.E.2d 512 (1952); *Blakewood v. Yellow Cab Co.*, 61 Ga.App. 149, 6 S.E.2d 126 (1939). But does state law govern the scope and effect of any federal court judgment? The answer is no. *Aerojet-General Corp. v. Askew*, 511 F.2d 710 (5th Cir. 1975); *Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84 (5th Cir. 1977); *Willis v. Fournier*, 418 F.Supp. 265 (M.D.Ga.1976). This rule is a simple expression of the importance of preserving the conclusiveness of federal court judgments. Federal judgments must be given the effectiveness available from a uniform federal rule and not be subject to differing state rules. The question must then be—what is the federal rule governing situations such as the one presented in this case?

▮ The first step in determining the federal rule is to define the characteristics of a loss of consortium cause of action in Georgia. Those characteristics are illuminated by the following quote:

In this case, the husband's cause of action for medical expenses and loss of his wife's services are wholly derivative from the wife's cause of action. [Citations omitted.] When the jury found for the wife, it, in effect, determined that the defendant had caused her injury. The uncontradicted evidence shows that those injuries caused the husband to incur substantial medical expenses and the husband to lose to some extent his wife's services. In other words, the same jury's verdict for the wife could not logically preclude those damages sought by the husband which are directly derivative from the wife's claim. . . . We conclude that the jury verdicts here were inconsistent, repugnant and illegal, since under the evidence the verdict for the wife authorized and demanded a verdict in some amount for medical expense damages suffered by the husband as a derivative from the wife's cause of action.

*Clark v. Wright*, 137 Ga.App. 720, 722, 224 S.E.2d 825, 826–27 (1976).

In *Clark* the same jury tried the wife's personal injury claim and the husband's consortium claim. Their verdict was in favor of the wife and against the husband in the face of uncontradicted evidence of the husband's damages. That the court considered these verdicts inconsistent shows an important aspect of a consortium claim. Liability to a spouse for loss of consortium is dependent upon proof of a defendant's liability to the injured spouse. The only facts which a consortium claimant need prove aside from those same facts the injured spouse must prove in his or her personal injury action are the existence of the marital relationship and damages to rights of consortium. In this respect, Georgia's loss of consortium cause of action is the same or very similar to those of other states.

Case law thus far does not purport to have established a federal rule. Federal courts have, until now, acted upon the premise that they were bound by state law. The collection of cases at Annot., 12 A.L.R.3d 933 is very helpful in resolving the questions before us. This annotation identifies a majority and minority rule for the precise situation here involved.

▮ Under the majority rule, where the spouses sue separately, judgment adverse to the personal injury claim of the injured spouse will not collaterally estop the prosecution of the consortium claim. These courts reason that the consortium cause of action is separate and independent from the personal injury action, that the parties are not the same, and that no "privity" exists between the spouses in the assertion of their respective claims. *See, Wolff v. Du Puis*, 233 Or. 317, 378 P.2d 707 (1963), *overruled on another issue, Bahler v. Fletcher*, 257 Or. 1, 474 P.2d 329 (1970); *Palmer v. Clarksdale Hospital*, 213 Miss. 611, 57 So.2d 476 (1952); *Kraut v. Cleveland Ry. Co.*, 132 Ohio St. 125, 5 N.E.2d 324 (Ohio 1936); *Womach v. City of St. Joseph*, 201 Mo. 467, 100 S.W. 443 (1907).

The minority rule, on the same facts presented to the courts adopting the majority rule, is that a subsequent consortium claim is barred by a prior judgment adverse to the personal injury claim of the injured spouse. The minority rule emphasizes that the consortium claim is derivative in the sense that it is dependent upon the right of the injured spouse to recover against the defendant. Every element of that personal injury claim must be proven to support the consortium claim and every defense good against the personal injury claim is good as against the consortium claim. For this reason, the minority rule disagrees with the majority rule and concludes that the spouses are in "privity" for purposes of the operation of collateral estoppel. *Sisemore v. Neal*, 236 Ark. 574, 367 S.W.2d 417 (1963); *Laws v. Fisher*, 513 P.2d 876 (Okl.1973); *Bitsos v. Red Owl Stores, Inc.*, 350 F.Supp. 850 (D.S.D.1972); *Stickney v. Squibb & Sons*, 377 F.Supp. 785 (M.D.Fla.1974); *accord, Millington v. Southeastern Elevator Co.*, 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897 (1968); *Gates v. Foley*, 247 So.2d 40 (Fla.1971). In *Sisemore*, the court said: "We think logic unquestionably supports the view here taken. To permit a second suit would authorize 'two bites' and would have the actual effect of rendering the prior judgment, wherein Neal was exonerated of liability, a nullity." 367 S.W.2d at 418. In *Fisher*, the court concluded that: "Because of the privity between the plaintiff husband in our action and the plaintiff wife in her earlier action and considering further the fact that apparently no adversity of interest[1] is shown as between the husband and his wife, and, finally because the determinative issue in the wife's action (negligence of the common defendant and causation) is also the determinative issue in the husband's action, we hold that the husband was and is collaterally estopped from litigating the question." 513 P.2d at 878.

 Since no general federal rule has yet been established, this court is free to decide what the law ought to be. We agree with the Supreme Court of Arkansas in its conclusion that the minority rule is the logical view. The interests of the spouses in their respective claims are so closely aligned that they should be deemed in "privity." *See Aerojet-General Corp. v. Askew, supra.* This court, therefore, concludes that the plaintiff in this action is precluded from relitigating those issues determined in defendants' favor in plaintiff's husband's personal injury action. As a result, plaintiff's claim must fail. The Clerk shall enter judgment for the defendants with costs to be borne by the plaintiff.

---

1. Nothing in the record indicates any adversity of interest between plaintiff and her husband at any time relevant to this case. Plaintiff's attorney stated at pretrial that plaintiff and her husband were living together at the time of the accident and at the time of the trial of the husband's lawsuit. He knew of no matrimonial difficulties.