**Martha COLLINS, Plaintiff,**

v.

**SEABOARD COASTLINE RAILROAD COMPANY, Defendant.**

**Civ. A. No. CV181-52.**

United States District Court,
S. D. Georgia,
Augusta Division.

June 22, 1981.

Thomas R. Burnside, Jr., Augusta, Ga., for plaintiff.

John D. Capers, John B. Long, Roy Tritt, Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

On March 6, 1981, a jury returned a substantial verdict against this defendant in a diversity suit for injuries sustained by plaintiff's husband when the vehicle he was driving was hit by defendant's train. In this case, plaintiff seeks damages for loss of consortium caused by her husband's injuries. Presently before the Court are plaintiff's motion for partial summary judgment on the issue of defendant's liability and defendant's motion to stay proceedings pending outcome of the appeal of the husband's case.

■■■ Plaintiff argues in her motion that defendant's liability is conclusively established by the judgment previously rendered in favor of her husband, and that her case need only be tried on the issue of damages. The question thus presented is a novel one to this Court: Is offensive collateral estoppel effective in a separate suit for loss of consortium? The first step necessary in approaching this question is a determination of governing law. Generally, a federal court in a diversity action is bound by state law. It is well-established, however, that federal law governs the effect of a federal diversity judgment in subsequent federal diversity litigation. *Aerojet-General Corp. v. Askew*, 511 F.2d 718 (5th Cir. 1975); *Atkins v. Schmutz Manufacturing Company*, 435 F.2d 527 (4th Cir. 1970); *Kern v. Hettinger*, 303 F.2d 333 (2nd Cir. 1962); *Jones v. Beasley*, 476 F.Supp. 116 (M.D.Ga.1979). Therefore, the next step in the Court's analysis is to determine the federal rule on use of offensive collateral estoppel in situations such as the one presented here.

■■■ Plaintiff cites *Jones v. Beasley*, 476 F.Supp. 116 (M.D.Ga.1979) in support of her contention that a prior judgment in favor of a spouse has collateral estoppel effect in a subsequent loss-of-consortium action. The Court cannot agree that *Jones* stands for this proposition. Unlike the case at bar, the plaintiff in *Jones* brought her consortium action against a defendant who had prevailed in the previous suit. The defendant asserted collateral estoppel and, contrary to Georgia law, the district judge held that plaintiff's action was precluded by the prior judgment in defendant's favor.

Plaintiff in this case is attempting to use estoppel in a very different way than it was used in *Jones*. There it was used as a defense; here it is asserted offensively. In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1978), the United States Supreme Court noted that offensive use of collateral estoppel—when the plaintiff seeks to foreclose the defendant from litigating an issue that the defendant has previously litigated unsuccessfully in an action with another party—does not always promote judicial economy in the same manner that is promoted by defensive use.[1] The Court also recognized that offensive use may be unfair to the defendant.[2] Notwithstanding these problems, the Court declined to preclude the use of offensive collateral estoppel. Rather, it granted broad discretion to trial courts to determine when it should be applied and offered the following rule as a guide: " ... in cases where a plaintiff could easily have joined in the earlier action or where ... the application of offensive estoppel would be unfair to a defendant, a trial judge should not

---

1. Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely changing adversaries, and thereby is an incentive to join all potential defendants in the first action. In contrast, the possibility of using offensive collateral estoppel in a later action may cause potential plaintiffs to avoid joining a present action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 at 330, 99 S.Ct. 645 at 651, 58 L.Ed.2d 552 (1978).

2. If a defendant in the first action is sued for nominal damages, he may have little incentive to defend vigorously, especially if future suits are not foreseeable. Offensive estoppel would also be unfair where the judgment relied upon is inconsistent with a previous judgment in favor of defendant, or where procedural opportunities are available in the second action which could cause a different result. *Id.*, at 330, 331, 99 S.Ct. at 651.

allow the use of offensive collateral estoppel." *Id.*, at 331, 99 S.Ct. at 651.

Applying the fairness aspects of the above test to this case is relatively easy. It is clear that defendant had a full and fair opportunity to present its defenses and its theory of the case in the previous litigation. Defendant had sufficient incentive to fully litigate the issue of liability in the first action; there is no possibility that the judgment in the first action is inconsistent with a previous decision in defendant's favor; and the procedural opportunities available to the defendant in this action were available in the first action. In short, the use of offensive collateral estoppel would not work an injustice against this defendant.

More difficult to apply than the fairness criteria is that portion of the *Parklane* rule prohibiting the use of offensive estoppel by a plaintiff who could have "easily joined" the first suit. The Supreme Court did not define the type or degree of "ease" which is relevant or necessary. *See Starker v. United States*, 602 F.2d 1341 (1979). In its discussion of this aspect of the test, the Court did express concern that use of offensive collateral estoppel would increase the total amount of litigation. A plaintiff, who would not be bound by a previous judgment in defendant's favor, would be more likely to adapt a "wait-and-see" attitude in the hope that defendant would lose. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 at 330, 99 S.Ct. 645 at 651, 58 L.Ed.2d 552 (1978). This was not a potential problem here. Plaintiff did not have "everything to gain and nothing to lose" by failing to intervene in the first action. *Id.*, at 330, 99 S.Ct. at 651. Although the Court will not speculate why plaintiff declined to join her husband's suit under F.R.C.P. 20, it is clear that her purpose was not to elude the binding force of an adverse judgment. The reasoning of the *Jones* decision, discussed *supra*, would have effectively precluded such an attempt. If defendant had prevailed in the first action, plaintiff would have been bound by the judgment.

For the reasons stated above, the Court exercises its discretion in favor of plaintiff and holds that the judgment rendered against defendant in Civil Action No. 179–169 estops defendant from denying liability in the present action. Furthermore, the conclusive effect of the prior judgment is not suspended by the pendency of defendant's appeal. *Reed v. Allen*, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1936). An order staying this case until the resolution of the appeal would considerably delay plaintiff's opportunity to prove her damages. Accordingly, plaintiff's motion for partial summary judgment is hereby GRANTED; and defendant's motion to stay proceedings is hereby DENIED. This action will proceed toward trial on the issue of plaintiff's damages.

ORDER ENTERED at Augusta, Georgia, this 22nd day of June, 1981.