**Martha COLLINS, Plaintiff-Appellee,**

v.

**SEABOARD COASTLINE RAILROAD COMPANY, Defendant-Appellant.**

**No. 82–8007**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 2, 1982.

---

Roy D. Tritt, Charles C. Stebbins, III, Augusta, Ga., for defendant-appellant.

Thomas R. Burnside, Jr., James B. Wall, Augusta, Ga., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

RONEY, Circuit Judge:

In this truck-train collision case, interlocutory appeal was granted to determine whether the district court, 516 F.Supp. 31, properly struck defendant's defense as to liability under the so-called offensive collateral estoppel doctrine. Plaintiff sued for loss of consortium by reason of injuries to her husband. The husband had previously obtained a personal injury judgment against the railroad. That judgment has been affirmed by this court, *Collins v. Seaboard Coast Line Railroad*, 675 F.2d 1185 (11th Cir., 1982). On proper motion, the district court held that the railroad could not again litigate liability, even though the plaintiff had not been a party to the prior suit, so that the only issues the court would entertain concerned plaintiff's claim for damages. For reasons herein set forth, we vacate the district court order and remand for reconsideration under the proper standards.

The federal law is not fully developed in this regard. Offensive collateral estoppel is used by a plaintiff to prevent relitigation of issues previously lost against

another plaintiff by a defendant, *see Johnson v. United States*, 576 F.2d 606 (5th Cir. 1978), *cert. denied*, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981), in contrast to defensive collateral estoppel which prevents relitigation by a plaintiff of issues previously lost against another defendant. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). The leading case of *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), holds that "the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied." 439 U.S. at 331, 99 S.Ct. at 651. Thus the trial court's order here comes on for consideration under the abuse of discretion standard of review.

 In reviewing an exercise of discretion under the abuse of discretion standard, it is important to examine the premises upon which that discretion was exercised. This differs from a decision of pure law. If a·decision of law is correct, that the lower court incorrectly reasoned its way to that decision is irrelevant on appeal. If for any reason the decision was correct, it is due to be affirmed.

 By very definition, however, an exercise of discretion could resolve the matter either way and still be affirmed, assuming the result is not beyond the permissible scope of discretion. A discretionary decision that falls within permitted bounds, but is based on false premises, raises the question on review as to whether the trial court would have come to the same conclusion using proper premises. That it could have does not satisfy the inquiry as to whether it would have reached the same result. The affirmance of a discretionary decision that is based on an improper view of the facts or the law merely reflects the appellate court's exercise of discretion that rightfully belongs to the trial court. The proper role of appellate review permits a remand for further proceedings when a discretionary decision has been made on false premises.

Such is the case here. The court reasoned that the "wait and see" attitude of the potential plaintiff and the "everything to gain and nothing to lose" posture of the plaintiff that concerned the Supreme Court in *Parklane Hosiery Co. v. United States*, 439 U.S. at 330, 99 S.Ct. at 651, was not a problem here because the plaintiff would have been bound by an adverse judgment in the first action had the defendant prevailed. We agree with the appellant-defendant here that this reasoning would not support a decision not to inquire into whether the plaintiff could easily have joined in the earlier action and into the fairness to the defendant if the plaintiff was in fact following a "wait and see" course of action.

*First*, it is an open question in this Circuit, as it is in the Southern District of Georgia, as to whether the "minority rule" adopted in *Jones v. Beasley*, 476 F.Supp. 116 (M.D.Ga.1979), would be applicable in this case.

*Second*, there was nothing before the trial court to demonstrate that *Jones* and the principle that plaintiff would be barred by an adverse decision in her husband's suit played a part in her decision not to join her husband's suit.

*Third*, the husband sued in state court where the wife would clearly not have been barred from subsequent suit, even if her husband had lost his action in state court. *Russ Transport, Inc. v. Jones*, 104 Ga.App. 612, 122 S.E.2d 282 (1961); *Blakewood v. Yellow Cab Co.*, 61 Ga.App. 149, 6 S.E.2d 126 (1939). Everything indicates that the wife's decision not to join her husband's suit was made prior to removal of the suit to federal court. In fact, the initial trial brief of plaintiff on the collateral estoppel point argued the applicability of Georgia law. The trial brief particularly pointed out that the converse to the·argued position was not true in Georgia. The brief argued:

That is to say, if the husband loses his case the wife is not thereby barred from

prosecuting her loss of consortium action arising from the same facts on which the husband's claim was based. *Blakewood v. Yellow Cab Company of Savannah, et al.*, 61 Ga.App. 149 [6 S.E.2d 126]; *Russ Transport, Inc. v. Jones*, 104 Ga.App. 612 [122 S.E.2d 282]. The reason for this distinction is that husband and wife are not privies within the meaning of *Ga. Code Ann.* § 110–501. As explained in the *Blakewood* case, *supra*, the wife cannot be bound by a judgment in a case in which she was not permitted to offer evidence and cross-examine witnesses. Logically, that reasoning does not apply as to the defendant. The defendant is the same in both cases and in the first instance had full opportunity to make defenses, to offer evidence, and to cross-examine witnesses.

In a later brief to the trial court plaintiff again pointed out this distinction in Georgia law.

*Fourth, Parklane* apparently assumed without deciding that plaintiff would not be bound by a judgment for defendant, citing state cases. 439 U.S. at 329–30, 99 S.Ct. at 650–651.

The point, however, is not whether the district court is correct or incorrect in stating that had defendant prevailed in the first action, "plaintiff would have been bound by the judgment." Even if this statement were true, we doubt the concerns exposed in *Parklane* can be met without a determination of the ease with which the plaintiff could have joined her husband's lawsuit and whether the "fairness to the defendant" aspects of the discretionary exercise can ignore whether plaintiff was in effect playing a "wait and see" game with the judicial process.

In her brief on appeal, plaintiff has alluded to some reasons that might have motivated her not to join her husband's suit other than to elude the binding force of an adverse judgment. Not having been made to the trial court, these arguments could not have been a part of its decision. The court stated precisely that it "would not speculate why plaintiff declined to join her husband's suit under F.R.C.P. 20."

We agree with the fairness aspects of the district court's opinion as far as it went. Unlike *Parklane*, concern for the Seventh Amendment right to a jury trial is not involved here. The defendant had a jury trial on the issue, had a full and fair opportunity to present its defenses and theory of the case, and had sufficient incentive to litigate fully the issue of liability. There is no possibility that the first judgment is inconsistent with a previous decision in defendant's favor, and the procedural opportunities available to defendant in this action were available in the first action.

It appears to us, however, that *Parklane's* concept of fairness necessarily includes the motivation of the plaintiff if she could have easily joined in the earlier action. We need not agree that ease of joinder concludes the matter, as defendant argues, just as we need not agree that judicial economy at this point in this litigation and defendant's full and fair opportunity to litigate the issues conclude the matter, as the plaintiff argues. To accept either argument as legally requiring a decision one way or the other would contradict the specific grant by *Parklane* to the trial courts of broad discretion to determine when it should be applied. 439 U.S. at 331.

■ Neither the remand of this case nor this opinion is intended to suggest or forecast the proper outcome on this issue. The law is developing in this area. *See Parklane Hosiery Co. v. Shore*, 439 U.S. at 329 n.11, 330 n.13, 99 S.Ct. at 650 n.11, 651 n.13; *Johnson v. United States*, 576 F.2d 606 (5th Cir. 1978), *cert. denied*, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981); Annot., 58 L.Ed.2d 938 (1980). To what extent the broad discretion granted trial courts in *Parklane* will be narrowed must await further decisions. In the meantime, such discretion must be based on a knowledge of all of the facts.

The order of the district court is VACATED and the case REMANDED for necessary development of the record and reconsideration in light of this opinion. Because of the uncertainty that the disposition of this appeal will work to the ultimate advantage of either party, costs of the appeal shall be taxed by the trial court in favor of the party that ultimately prevails in this litigation. In the meantime, each shall pay their own costs.

VACATED AND REMANDED.