Chuck MAY, Plaintiff,

v.

Richard OLDFIELD, d/b/a Oldfield's Used Cars, Defendant.

Civ. A. No. 87–56.

United States District Court,
E.D. Kentucky.

April 4, 1988.

---

William P. Emrick, McKenzie, Woolery & Emrick, Ashland, Ky., for plaintiff.

Ronald D. Bowling, Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

WILHOIT, District Judge.

This matter is before the Court upon the plaintiff's motion for partial summary judgment. The defendant has filed a response and the plaintiff has filed a reply.

The plaintiff has filed an action against the defendant alleging a violation of 15 U.S.C. Section 1989 for the altering of the odometer of a car sold to the plaintiff. On June 10, 1987, the defendant was indicted on 18 counts of mail fraud. *United States v. Richard S. Oldfield,* Criminal No. 87–4, United States District Court, Eastern District of Kentucky, Frankfort Division. The fraud charged in the indictment was the purchase of high mileage automobiles in Ohio, altering the odometers, and reselling the cars to customers in Kentucky. The defendant exercised his right not to present evidence and was convicted on all 18 counts in a jury verdict on November 5, 1987. A final "Judgment and Probation/Commitment Order" was entered on December 2, 1987. The defendant has appealed his conviction by challenging the sufficiency of the indictment on grounds that he should have been charged with odometer tampering, a misdemeanor at the time of the alleged offense, instead of multiple counts of mail fraud. Further, the defendant does not challenge the plaintiff's assertion that the matters contained in Count 7 of the indictment involve the automobile in question in the present action. (Defendant's Response, pp. 2–3). Currently, the appeal of the defendant's conviction is pending before the Sixth Circuit Court of Appeals.

Moreover, the plaintiff is attempting to apply the doctrine of offensive collat-

eral estoppel to obtain summary judgment as a matter of law on the issue of the defendant's alteration of the odometer is in question. *See generally*, Note, *Offensive Collateral Estoppel in Kentucky: A Deadly Weapon or a Paper Tiger?*, 76 Ky.L.J. 237 (1987–88). Both the federal common law and the *Restatement of Judgments* approve of the use of offensive collateral estoppel. *Parklane Hosiery Company v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Restatement (Second) of Judgments* Section 29 (1982).

The requirements of offensive collateral estoppel are succinctly stated in a recently published note in the *Kentucky Law Journal* as follows:

1. [A] final decision on the merits;
2. identity of issues;
3. issues actually litigated and determined;
4. a necessary issue;
5. a prior losing litigant; and
6. a full and fair opportunity to litigate.

Note, *Offensive Collateral Estoppel in Kentucky: A Deadly Weapon or a Paper Tiger?*, 76 Ky.L.J. 237, 246–50 (1987–88) (citing *Sedley v. City of West Buechel*, 461 S.W.2d 556 (Ky.1971)); *See also*, Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* Section 4416 at pp. 137–38.

In addition, the Supreme Court has noted that special problems may be encountered in applying offensive collateral estoppel and that at least seven factors may limit its application:

1. [T]he broad discretion of the trial court ...;
2. lack of procedures in the prior action that were available in the subsequent action;
3. an inconvenient forum in the prior action;
4. the possibility that the plaintiff could have easily joined in the prior action;
5. the bound party's lack of incentive to litigate in the prior action;
6. lack of a full and fair opportunity to litigate in the prior action; and
7. any other reasons for unfairness to the defendant.

Note, *Offensive Collateral Estoppel in Kentucky: A Deadly Weapon or a Paper Tiger?*, 76 Ky.L.J. 237, 246–50 (1987–88) (citing *Parklane*, 439 U.S. at 331–32, 99 S.Ct. at 651–52).

Neither party addresses the particular requirements of offensive collateral estoppel. The defendant asserts that a prior criminal conviction cannot be used to preclude the determination of an issue in a civil action. *Aetna Casualty and Surety Company v. Anderson*, 200 Va. 385, 105 S.E.2d 869, 872 (1958); *Stinson v. Richardson*, 239 Ala. 161, 194 So. 508 (1940). The plaintiff effectively rebuts this assertion by his citation of an Eleventh Circuit decision holding that federal courts may preclude the relitigation of an issue in a civil case as the result of a prior criminal conviction. *The Matter of Raiford*, 695 F.2d 521 (11th Cir.1983).

In addition, a more recent decision by the Kentucky Supreme Court sheds some light on this issue. *Louisville Civil Service Board v. Blair*, 711 S.W.2d 181 (Ky.1986). In *Blair*, a police officer attempted to use the reversal of his criminal conviction to collaterally estop his dismissal by the Civil Service Board. However, the Court refused to allow this application because the disciplinary charge did not require evidence of guilt beyond a reasonable doubt. *Blair* at 183. The reversal of the conviction meant that there existed no evidence of guilt based on the high standard of proof beyond a reasonable doubt. In the later civil proceeding, it was possible for the Board to find grounds for dismissal under a lower standard of proof.

The opposite is true in this action. The plaintiff has been convicted of a crime that required the jury to find each element beyond a reasonable doubt. An essential element of Count 1 and Count 7 is the defendant's altering of the odometer in question. The jury in the criminal action had to apply a much stricter burden of proof than would have to be applied by a jury in the present civil action. As a result, the facts that caused the Court to reject preclusion in

*Blair,* supply reasons for applying collateral estoppel in this action and this Court finds that the use of a prior criminal judgment is permissible under the facts of this case.

■ Further, the Court finds the six requirements for the application of collateral estoppel have been met. First, the issue of the alteration of the odometer of the car involved in Count 7 is identical to the issue presented in the case at bar. Second, the issue of the odometer alteration was actually litigated and determined in the prior action. Although the defendant chose not to put on any proof as a matter of trial strategy, he did not prevent the jury from considering this issue. The jury was specifically required by law to find beyond a reasonable doubt that each element of the offense was committed by the defendant.

Third, the issue of the defendant's alteration of the odometer of the vehicle in question was necessary to the defendant's conviction in the prior action. A conviction must be based on the finding beyond a reasonable doubt of each element of a crime. One of the essential elements of the offense of mail fraud is the finding of a scheme to defraud as set forth in the indictment. *United States v. Schilling,* 561 F.2d 659, 661 (6th Cir.1977). In the prior criminal action, the scheme is based on the alteration of the odometers of used automobiles and the paying off of a Hamilton County Ohio deputy clerk to obtain titles that reflected the altered odometer readings. (Indictment, p. 3).

■ Fourth, the defendant lost in the prior action and is a party to this action. Because of the Supreme Court's rejection of absolute mutuality, the defendant cannot rely on the presence of a different party, the plaintiff, to prevent the application of collateral estoppel. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Parklane* 439 U.S. at 327–28, 99 S.Ct. at 649–50. Due process is not violated when at least the party to be bound was a party to both actions.

Fifth, the defendant certainly had a full and fair opportunity to litigate this issue in the criminal case. Unlike the potential civil liability in the present action, the defendant faced many years of incarceration in the criminal action. He had both the incentive and the opportunity to challenge his alleged alteration of the odometers in question. Moreover, none of the additional protections provided in *Parklane* are relevant to the facts of the case at bar. The plaintiff could not have joined in the prior criminal action and the defendant has failed to indicate any procedures that were unavailable in the prior action or show any other reason for this Court to exercise its discretion to refuse to apply collateral estoppel.

■ Sixth, issue preclusion may be used only after a final decision on the merits. Although the actual judgment entered by the trial court is final in the sense that nothing remains to be done by the trial court, the defendant has filed a notice of appeal with the Sixth Circuit Court of Appeals and a favorable decision may result in the reversal of the conviction. There is a difference of opinion in state courts as to whether a pending appeal prevents the application of res judicata or collateral estoppel. 46 *Am.Jur.2d* Judgments Section 459 (1969). However, "[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal...." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* Section 4433 at p. 308. This established rule applies equally well to the appeal of a prior criminal conviction. *Webb v. Voiroi,* 773 F.2d 208, 211 (8th Cir.1985). "[C]ourts have repeatedly held that the pendency of an appeal does not destroy the finality of a judgment for the purpose of applying the doctrine of collateral estoppel." *Id.*

As a result, this Court has the choice of entering summary judgment in favor of the plaintiff on the issue of liability or staying this action until a final decision is obtained on appeal. If the partial summary judgment is now entered in favor of the defendant and this conviction is reversed on appeal, then the Court would have to sustain a motion to vacate the judgment because there would be nothing left in which to

accord preclusive effect. *Dodrill v. Ludt,* 764 F.2d 442, 444 (6th Cir.1985). On the other hand, an order staying this action until a final appellate decision is obtained may take years. The defendant might attempt a further appeal to the United States Supreme Court if the conviction were to be affirmed by the Sixth Circuit.

A district judge in Georgia, facing a similar problem, refused to stay the action pending appeal because of the delay it would cause in giving the plaintiff an opportunity to prove damages. *Collins v. Seaboard Coastline Railroad Company,* 516 F.Supp. 31, 33 (S.D.Ga.1981), *vacated* and *remanded on other grounds,* 681 F.2d 1333 (11th Cir.1982). Likewise, it is the view of this Court that the interests of judicial economy will best be served by the preclusion of any further relitigation on the issue of the defendant's alteration of the odometer in question. The plaintiff's motion for partial summary judgment is sustained and this action is to proceed only on the question of damages. If the defendant's prior conviction should be reversed prior to a final decision in this action, then the Court would entertain a motion to vacate this order.

Accordingly,

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's motion for partial summary judgment is SUSTAINED and this action shall proceed only upon the issue of damages.