EDMONDSON, Chief Judge,
specially concurring:
Although I know that other federal circuit courts have reached conclusions inconsistent with my view, I — largely for the reasons stated by Judge Barkett — agree that Bradley’s 42 U.S.C. § 1983 action is not the functional equivalent of a petition for habeas corpus. I write separately to stress that Bradley has at no time in this federal case asked a federal court to enjoin Alabama from executing him or even to stay his execution until his section 1983 case is decided. The lack of a request for a federal court to stop or to postpone the State execution is important to my decision.
I hint at no view about whether Bradley’s lawsuit actually states a claim upon which relief can be granted.
BIRCH, Circuit Judge,
specially concurring:
I concur dubitante. If a district court’s decision is correct for any reason, then it is due to be affirmed, even though the particular reason given by the district court is erroneous. See Hempel v. United States, 14 F.3d 572, 576 (11th Cir.1994); Collins v. Seaboard Coastline R.R. Co., 681 F.2d 1333, 1335 (11th Cir.1982). I am inclined to affirm the judgment based upon my conclusion, tentative though it be, that under the circumstances presented here the petitioner does not enjoy a substantive or procedural due process right to the relief he seeks. Therefore, in my opinion, he does not state a predicate constitutional violation to support his § 1983 claim. However, before a final conclusion should be reached on this unsettled issue, a substantially greater amount of thought and briefing should be pursued: just what rights, if any, does a convicted petitioner, who has exhausted his direct appeals and post-conviction avenues of relief, enjoy relative to discovery and testing of DNA evidence? Perhaps on remand this issue will receive the added scrutiny that it deserves.