[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11483

Non-Argument Calendar

_____

IN RE: JULIE BAKER ZALLOUM,

Debtor.

_____

JULIE BAKER ZALLOUM,

Plaintiff-Appellant,

*versus*

RIVER OAKS COMMUNITY SERVICES
ASSOCIATION, INC.,
RIVER OAKS III HOMEOWNERS'
ASSOCIATION INC.,
LAURA A. PREVESK,
US BANK NATIONAL BANK ASSOCIATION,

2                    Opinion of the Court                    20-11483

as Trustee,
WEAN & MALCHOW P.A.,
Consolidated,

                                          Defendants-Appellees.

                    _____

          Appeal from the United States District Court
                for the Middle District of Florida
                 D.C. Docket No. 6:19-cv-00798-WWB

                    _____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

          This is a bankruptcy appeal about notices of appeal and filing
fees, and whether the bankruptcy court correctly dismissed debtor
Julie Baker Zalloum's appeals of several bankruptcy orders for fail-
ure to file separate notices of appeal or pay the associated filing fees.
After careful review, we vacate and remand.

                                I.

          Briefly stated, the relevant facts are as follows.  After filing a
voluntary Chapter 13 bankruptcy petition, Zalloum initiated an ad-
versary proceeding against claimants (and a related person and en-
tities) of certain real property.  In February 2019, the bankruptcy

court entered a partial final judgment in the adversary proceeding disposing of all issues between Zalloum and most, but not all, defendants. Zalloum filed a notice of appeal of the partial judgment along with the filing fee.

Several months later, in July 2019, the bankruptcy court issued a single memorandum opinion, entered on both the adversary-proceeding and main bankruptcy dockets, which resolved the remaining claims in the adversary proceeding, disposed of Zalloum's Chapter 13 bankruptcy proceeding as a whole, and barred her from filing future bankruptcy petitions for her abuse of the bankruptcy process. Consistent with and citing to the memorandum opinion, the bankruptcy court then entered (a) a final judgment in favor of the remaining creditor in the adversary proceeding and (b) three orders in the main bankruptcy case which allowed that creditor's claim, granted it relief from the automatic stay, and dismissed the bankruptcy petition and imposed a filing injunction against Zalloum.

In response, Zalloum timely filed an "amended" notice of appeal, which designated for district-court review the partial and final adversary judgments, the memorandum opinion on both the adversary-proceeding and main bankruptcy dockets, and the three related orders in the main bankruptcy case. Zalloum didn't pay any additional filing fee.

In an order dated July 19, 2019, the bankruptcy court informed Zalloum that she "must file a separate notice of appeal for each order or judgment sought to be reviewed" and each notice

must be "accompanied by the prescribed fee," which was $298. The bankruptcy court struck the amended notice of appeal as to the partial adversary judgment because she had already appealed that order. And while the court found that the amended notice was proper to appeal the memorandum opinion and final judgment in the adversary proceeding (the "adversary-proceeding appeal"), so long as she paid an additional filing fee, it ordered her to file separate "proper notice[s] of appeal," with separate filing fees, for the memorandum opinion and three orders derived from it in the main bankruptcy case (the "main bankruptcy appeal").

When Zalloum failed to submit any additional notices of appeal or filing fees by the deadline of August 1, 2019, the bankruptcy court dismissed the appeals in an order dated August 18, 2019. The court rejected Zalloum's contention that the adversary proceeding was not final when she filed the original notice of appeal, explaining that finality rules work differently in the bankruptcy context and that separate notices of appeals and filing fees were required for each order sought to be reviewed. The district court affirmed the bankruptcy court on appeal. Zalloum now appeals to this Court.

## II.

As the second court of review in bankruptcy cases, we exercise independent review of the factual and legal determinations of the bankruptcy court, employing the same standards of review as the district court. *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1189 (11th Cir. 2015). "Where the district court affirms the bankruptcy court's order, we review the bankruptcy court's decision." *Id.* We

20-11483                Opinion of the Court                5

review factual findings for clear error and legal conclusions *de novo*. *Id.* We review jurisdictional issues *de novo*.[1] *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). Where discretionary judgments are involved, we will find an abuse of discretion if the court makes an error of law, relies on clearly erroneous facts, or commits a clear error of judgment. *Fed. v. AbbVie Prods. LLC*, 713 F.3d 54, 61 (11th Cir. 2013).

In their orders, courts should give "sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review." *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007). We will vacate and remand where neither the court's "decision nor the record provide sufficient explanation to enable meaningful appellate review." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012).

## III.

---

[1] We asked the parties a question about our jurisdiction. In light of the parties' responses, we are satisfied that we have jurisdiction to review as a final order the bankruptcy court's August 18 order, which dismissed and thereby fully disposed of Zalloum's appeals of rulings resolving the adversary proceeding, dismissing the entire bankruptcy proceeding, and imposing a filing injunction. *See In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). We also have jurisdiction to review the non-final July 19 order which produced that ruling. *See Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014) ("The appeal from a final judgment draws in question all prior non-final orders and rulings that produced the judgment." (cleaned up)).

Zalloum maintains that the bankruptcy court erred because the partial final judgment in the adversary proceeding was not final and there is no rule prohibiting filing a notice of appeal of multiple orders in the same case with one filing fee. For the reasons explained below, we vacate and remand for further proceedings.

First, as to the dismissal of Zalloum's adversary-proceeding appeal, the bankruptcy court made an error of law in treating the partial final judgment as final and independently appealable. Although finality is ordinarily given a "flexible" interpretation in the bankruptcy context, an adversary proceeding is treated largely as an ordinary civil case for purposes of finality. *In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999). So "a bankruptcy order that disposes of fewer than all claims or parties in an adversary proceeding is not immediately appealable unless the bankruptcy judge certifies the order for immediate review pursuant to Bankruptcy Rule 7054, which incorporates Fed. R. Civ. P. 54(b)." *Id.*

Because the partial judgment didn't resolve all claims and parties in the adversary proceeding, and wasn't certified under Rule 54(b), it wasn't a final order.[2] As a result, a single appeal from the final judgment in the adversary proceeding, with a single filing fee,

---

[2] While district courts may grant leave to appeal "interlocutory orders and decrees" in bankruptcy cases, 28 U.S.C. § 158(a)(3), we don't believe the bankruptcy court took the view that the partial judgment was interlocutory when Zalloum filed the original notice of appeal. Nor did the district court grant leave to appeal under § 158(a)(3); instead, it stated that it exercised jurisdiction under § 158(a)(1).

20-11483                Opinion of the Court                    7

would have brought up for review all prior non-final orders, includ-ing the partial judgment. *See Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014) ("[T]he appeal from a final judg-ment draws in question all prior non-final orders and rulings that produced the judgment."). Of course, Zalloum didn't wait to file a single appeal from the final judgment, and that distinction may make a difference. But it's not *necessarily* the case, as the bank-ruptcy court stated, that two filing fees were required to appeal the partial judgment and the final judgment in the adversary proceed-ing, even if they concerned distinct issues and defendants. *See In re Boca Arena, Inc.*, 184 F.3d 1286–87.

Since the decision to dismiss an appeal for failure to pay a filing fee is a discretionary one, it's appropriate to remand for the bankruptcy court to exercise its discretion free of that error.[3] *See Koon v. United States*, 518 U.S. 81, 100 (1996) (stating that a court "by definition abuses its discretion when it makes an error of law"); *Collins v. Seaboard Coastline R. Co.*, 681 F.2d 1333, 1335 (11th Cir. 1982) ("The proper role of appellate review permits a remand for further proceedings when a discretionary decision has been made

---

[3] Under a general order issued by the district court, the "presiding bankruptcy judge may enter a conditional order of dismissal of the appeal," subject to dis-trict-court review, if the appellant does not pay the filing fee or obtain leave to proceed without paying. *See* General Order Establishing Protocol for Pro-cessing Bankruptcy Appeals Without Payment of Filing Fees, No. 96-119-MISC-T (M.D. Fla. Sept. 25, 1996), *available at* https://pacer.flmb.uscourts.gov/administrativeorders/search.asp (last visit-ed Oct. 13, 2021).

on false premises."); Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal."). We therefore vacate the bankruptcy court's ruling dismissing the adversary-proceeding appeal, along with the district court's order affirming it, and remand for further proceedings consistent with this opinion.

Second, as to Zalloum's main bankruptcy appeal, we can't tell what authority the bankruptcy court exercised when it dismissed the appeal for failure to file proper notices of appeal. The court cited authority delegated to it by the district court to dismiss a "notice of appeal that is untimely on its face."[4] But Zalloum's amended notice of appeal was both timely and jurisdictionally sufficient. Whatever its other defects, the notice clearly expressed Zalloum's intent to seek district-court review of the memorandum opinion and three related orders, identifying them by name, description, and docket number on the main bankruptcy docket. *See J.J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) ("A defective notice of appeal may be adequate when the party's intent to appeal is objectively clear from all of the circumstances." (cleaned up)). While Rule 8003(a)(2) provides that

---

[4] *See* General Order Establishing Protocol for Processing Untimely Bankruptcy Appeals, No. 96-118-MISC-T (M.D. Fla. Sept. 25, 1996), *available at* https://pacer.flmb.uscourts.gov/administrativeorders/search.asp (last visited Oct. 13, 2021).

"dismissing the appeal" may be appropriate when an appellant fails to take steps "other than the timely filing of a notice of appeal," it authorizes the "*district court* or [bankruptcy appellate panel] to act," not the bankruptcy court. Fed. R. Bankr. P. 8003(a)(2) (emphasis added).

Finally, we cannot meaningfully review the bankruptcy court's reasoning for requiring Zalloum to maintain four separate appeals from a memorandum opinion containing several legally and factually intertwined rulings and the reduction of those rulings to three separate orders. It seems illogical and inefficient (not to mention expensive) to demand that of an appellant, particularly one who is *pro se*, in this scenario. Aside from out-of-circuit district-court cases that are factually distinguishable, the bankruptcy court didn't cite any authority for its position.[5] Nor did the bankruptcy court explain how this scenario was meaningfully different than the entry of an opinion and separate judgment, which are

---

[5] In contrast to the cases cited by the bankruptcy court, Zalloum didn't attempt to challenge an order not designated in a timely notice of appeal. *See In re Rozark Farms, Inc.*, 139 B.R. 463, 464–65 (E.D. Miss. 1992) (dismissing an appeal where, in the court's view, the notice of appeal was filed before entry of the final order on appeal); *In re Frontier Airlines, Inc.*, 108 B.R. 277 (D. Colo. 1989) (refusing to permit a party to join another party's appeal of a bankruptcy order from which it hadn't filed a notice of appeal); *MT Tech. Enterprises, LLC v. Nolte*, no. 3:15-cv-669, 2016 WL 234846 (E.D. Va. Jan. 19, 2016) (dismissing an appeal from an order entered in both an adversary proceeding and the main bankruptcy case where the appellant did not designate the order in the main case for review).

routinely treated by courts (the bankruptcy court included) as a single "unit" for appeal.

That's not to say Zalloum is correct that no additional filing fee was required. *See In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992) ("[A]n adversary proceeding in the bankruptcy court and the companion bankruptcy case are two distinct proceedings."). Yet the question of what, if any, filing fees were required for the main bankruptcy appeal is better resolved on remand, particularly in light of our remand on the adversary-proceeding appeal, which at least facially involved the same memorandum opinion as the main bankruptcy appeal. Moreover, the bankruptcy and district courts retain significant discretion to handle these matters free of the mistakes of law we identified above. *See Collins*, 681 F.2d at 1335; Fed. R. Bankr. P. 8003(a)(2).

For these reasons, we vacate the bankruptcy court's orders dated July 19, 2019, and August 18, 2019, and the district court's order affirming them, and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**