Richard G. LEY, Plaintiff,

v.

BORON OIL COMPANY et al., Defendants.

Civ. A. No. 76–612.

United States District Court, W. D. Pennsylvania.

Sept. 23, 1976.

---

Albert C. Odermatt, Jr., Pittsburgh, Pa., for plaintiff.

John P. McComb, Jr., Pittsburgh, Pa., for Retailers Commercial Agency, Inc. and Retail Credit Co.

Scott E. Henderson, Pittsburgh, Pa., for Boron Oil Co.

## OPINION

WEBER, District Judge.

This is an action brought for violation of the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681. The defendants have filed motions to dismiss on the grounds that the Act is not applicable to the transaction in question. Because both parties have filed evidentiary material supporting or opposing the motions, we will threat them as motions for summary judgment under Fed. R.Civ.P. 56.

In 1973, defendant Boron sold a property in suburban Pittsburgh to Mr. and Mrs. Yarick, who were represented by an attorney, Howard A. Minsky. Sometime in 1974, the manager of real estate for Boron who had supervised the sale of the property to the Yaricks was given a letter addressed to the Office of the President of Boron Oil Company. The letter was from plaintiff on a letterhead designating him as "Attorney-at-Law" and recited that he represented the Yaricks and threatened Boron with suit for damages and punitive damages arising out of alleged deceit in the real estate transaction. The letter suggested negotiating a settlement with the writer.

The Boron Real Estate Manager knew that other counsel had represented the Yaricks in the sale. He could find no listing for the plaintiff under the heading "Attorney-at-Law" in the Pittsburgh Telephone Directory and requested the Boron Regional Credit Manager to find who the writer was. The Credit Manager ordered a credit report from defendant Retailers Commercial Credit Agency in Pittsburgh.

The Credit Agency sent a report entitled "Special Credit Report-Individual", which disclosed the plaintiff's home address, that he lived there with his wife Diane, that he was born in 1928, number of dependents, unknown, that he was an attorney employed by United Steel Company, as well as having his own law office; that he was not known to the retail credit agencies files, that there were no suits or judgments docketed against him in Allegheny County, and that there were no criminal records. The report cited that plaintiff declined all information on interviewing.

■ It is on the basis of this report that the defendant Retail Commercial Agency, Inc. moves to dismiss on the grounds that the report does not meet the definitional requirements of the statute. Plaintiff counters this motion with an affidavit stating that two men representing themselves to be from Boron Oil Company visited the office building where plaintiff maintains a private law office, and inquired as to his whereabouts and reputation. This affidavit was supplied by plaintiff himself, and it tends to establish that Boron Oil Company,

which he had invited to enter into negotiations with himself, had conducted this inquiry. Under these circumstances it is evident that any activity of the defendant Boron Oil Company did not make the report in question an "investigative consumer report" as defined in Section 1681a(d) of the Act. Plaintiff has produced no other evidence to create an issue of fact that the report falls under the definition of "investigative consumer report." The report itself contains no information obtained by personal interviews with neighbors, friends or associates of the person reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

In any event the statute requires that the information contained in the report be obtained by interviews. There is nothing in the report showing the product of any interview. If the person allegedly interviewed provided no information then the report could contain no information. Her affidavit is silent as to whether she provided information. The affidavit of Mr. Morris of Retail Credit lists the sources of his information and it does not contain any interviews.

We have come to the conclusion that the report which forms the basis of this law suit is by definition not an "investigative consumer report" because of the absence of the necessary type of information. Any "investigative consumer report" must by definition by a "consumer report" under the statute. A "consumer report" is defined in Section 1681a(d) of the Act:

(d) The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title . . .

██ Whether a report by a consumer reporting agency on a consumer is a "consumer report" under the Act depends, therefore, on the contents of the report and the purpose of the report.

Congress in enacting this statute incorporated its findings and statement of purpose in Section 1681 of the Act. The entire thrust of the Act is addressed to the needs of commerce for "consumer credit, personnel, insurance, and other information," and the requirement of enforcing fair credit reporting methods in connection therewith. The very purpose of the present inquiry and the information contained in the report in question does not relate to consumer credit as outlined in the statement of purpose of the statute. The report indicates that plaintiff is an attorney who maintains a private law office, but he is employed by the United States Steel Company. It recites his residence, marital status, age and absence of any civil or criminal court records concerning him. Thus the report was not sought for credit purposes and gives no credit information, but rather was sought to establish the identity of the person writing the letter in the capacity of an attorney-at-law, representing parties who threatened a lawsuit against Boron Oil Company. Because the recipient of the letter, Boron Oil Company, had known another attorney as representing the claimants and could not find the writer of the letter listed as an attorney under the listings in the Pittsburgh Telephone Directory, it instituted an inquiry to learn of his identity. The report does not relate to the extension of credit or other benefits to the plaintiff as a consumer. It is thus not a "consumer report" under the statute.

The legislative history illustrates the congressional purpose:

The purpose of the Fair Credit Reporting Bill is to protect consumers from inaccurate or arbitrary information in a consumer report which is used as a factor in determining an individual's eligibility for

credit, insurance or employment. It does not apply to reports used for business, commercial or professional purposes.

Congresswoman Leonore Sullivan remarks on the report of the Senate-House Conference Committee, October 13, 1970, 91 *Cong. Record*, 36,572.

 The interpretation of an administrative agency which is assigned the duty of administration of a statute is to be given great weight in the judicial interpretation of a statute. The Federal Trade Commission in its guidelines has indicated "only reports obtained in connection with employment, credit or insurance for personal, family or household purposes were intended to be covered"

(Federal Trade Commission, *Compliance with the Fair Credit Reporting Act*, CCH, Consumer Credit Guide, ¶ 11,314).

It is clear that the statute regulates the reporting of credit matters involving individuals as consumers, and was not meant to cover business credit reports pertaining to the business activities of the person reported on. It is also clear from the evidentiary material supplied by the parties on both sides here that it was the business or professional standing of an attorney who threatened suit and invited negotiations which was the subject matter of the inquiry and the report.

We do not find the list of permissible purposes of consumer reports as described in 1681b to add to the definition of consumer reports contained in the statute. Thus the provision of Section 1681b(3)(E) which provides that a consumer reporting agency may furnish a report to a person which it has reason to believe . . . "has a legitimate business need for the information in connection with a business transaction involving the consumer" adds nothing to the definitional requirements of a consumer report. The Act itself defines consumer report and then enlarges the scope for which such consumer reports may be used, but the enlarged scope of permissible use does not enlarge the definition. The permissible use referred to includes a legitimate need for the information in connection

with "a business transaction involving the consumer." But Boron had no business transaction involving the plaintiff; it had formerly had a transaction with a party whom Ley purported to represent. We cannot conceive of a threatened lawsuit as being the type of business transaction contemplated by the statute. The inquiry was not about a "consumer" in any sense of the word but one attempting to establish the identity of a person representing himself to be a lawyer representing a party to a prior business transaction, whose identity could not be readily established through the list of lawyers in the telephone directory.

We, therefore, find that the report in question, upon which plaintiff must rely, does not qualify as an "investigative consumer report" or a "consumer report" under the statutory definitions because it does not contain the type of information required under the definition, it was not made in connection with employment, credit, or insurance for personal, family or household purposes, and Boron's need for the information contained in the report did not convert the report into the type of report defined by the statute.

We, therefore, find that the complaint in this case does not state a claim upon which relief can be granted.