**Richard G. LEY, Plaintiff,**

v.

**BORON OIL COMPANY, Retailers Commercial Agency, Inc., and Retail Credit Company, Inc., Defendants.**

Civ. A. No. 78–501.

United States District Court,
W. D. Pennsylvania.

Aug. 15, 1978.

D. James Callahan, Weisel, Xides & Conn, Pittsburgh, Pa., for plaintiff.

Scott E. Henderson, Thorp, Reed & Armstrong, Pittsburgh, Pa., for Boron.

John P. McComb, Jr., and Thomas E. Boyle, Moorhead & Knox, Pittsburgh, Pa., for Retailers Commercial Agency and Retail Credit Company, Inc.

OPINION

WEBER, Chief Judge.

Now before the Court are motions to dismiss filed by all three defendants. Each motion contends that the Complaint fails to state a cause of action upon which relief can be granted. The Complaint contains three counts: 1) invasion of privacy, 2) attempted slander, and 3) procurement of information by improper means which advances rival business interests.

These counts are based upon facts which were the subject of a previous lawsuit litigated in this Court in 1976 and which are fully set forth in the previous opinion of this Court in *Ley v. Boron Oil Company et al.,* 419 F.Supp. 1240 (W.D.Pa.1976). The complaint filed by the Plaintiff in that case involved the same and only those parties involved in the instant case.[1] In his first suit, the Plaintiff alleged that various inquiries by the Defendants to determine the Plaintiff's identity constituted violations of provisions of the Fair Credit Report Act, 15 U.S.C. § 1681. Because the reports resulting from these inquiries did not constitute "consumer reports" as defined by the statute, this Court granted motions to dismiss filed by the Defendants and held that the complaint in Civil Action No. 76–612 failed to state a claim upon which relief could be granted, 419 F.Supp. at 1243.

Although the specific counts alleged in the instant case seem patently unmeritorious, we believe that the case's more appropriate disposition involves the application of the doctrine of res judicata. The doctrine of res judicata provides that a previous judgment which is valid, final, on the merits, and on the same cause of action forms an absolute bar in another action between the same parties "not only with respect to every matter which was actually offered and received to sustain the demand or to make out the defense, but also as to every ground of recovery or defense which might have been presented," *Mendez v.*

1. We note that Defendant Retail Credit Company (now known as "Equifax") was dismissed as a defendant in the earlier case because the plaintiff was unable to produce any evidence of the involvement of this defendant in the activities which gave rise to the first cause of action, *see* Order dated August 25, 1976, Civil Action No. 76–612.

*Bowie,* 118 F.2d 435, 440 (1st Cir. 1941), *cert. denied sub nom. Rios v. Bowie,* 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941). Applied accordingly, the doctrine "prevent[s] the splitting of a single cause of action and the use of several grounds of recovery under the same action as the basis for separate suits," 118 F.2d at 440. Res judicata furthers the basic judicial interest in the elimination of needless litigation, and respected authority decries a second lawsuit as needless if the procedural rules of the forum would have permitted the plaintiff to present in his first lawsuit the same grounds for relief which he advances in the second, 1B Moore's Federal Practice ¶ 0.410 at p. 1160 (1974). The Federal Rules of Civil Procedure did not prevent the Plaintiff from alleging the tort claims he now advances in his first complaint which involved only claims under the Fair Credit Reporting Act.

■ Like that of all other reasoned doctrines, the application of res judicata is not without limitation. But in view of the fact that the instant action involves the same and no other parties who litigated the previous action which ended with a final judgment on the merits [2] of the plaintiff's claims, the only limitation which may possibly bar the application of res judicata to the instant case is whether the two cases involve the same "cause of action." In determining whether two cases involve the same cause of action, a basic concern is whether the plaintiff had a "reasonable opportunity" to advance in his first day in court those claims or theories of recovery which he advances in his second. Stated differently, the plaintiff is not entitled to another day in court if he merely proposes a different theory of recovery based upon the same "liability creating conduct" of the defendant which gave rise to the first action, *Williamson v. Columbia Gas & Electric Corp.,* 186 F.2d 464 (3d Cir. 1950), *cert. denied* 341 U.S. 921, 71 S.Ct. 743, 75 L.Ed. 1355 (1951).

In *Williamson* the plaintiff brought two cases under the anti-trust laws; the first charged the defendant with conspiracy to violate Sections 1 and 2 of the Sherman Act and the second named the defendant alone under Section 7 of the Clayton Act. Otherwise, the two complaints were substantially the same as to the facts alleged. In holding that the second suit was barred by the first, the court noted that the definition of "cause of action" in modern federal practice has broadened from that of the common law with the modernization of federal procedure to encourage the joinder of defendants and claims so that the whole controversy between all involved parties is before the court at one, and only at one, time, 186 F.2d 469. Most importantly for our disposition of the instant case, the court held that a difference in theory of liability does not amount to a difference in cause of action.

The instant case [*Williamson*] presents an excellent example of one of the things these rules [Federal Rules of Civil Procedure] were designed to avoid. As pointed out above, the acts complained of and the demand for recovery are the same. The only thing that is different is the theory of recovery. The same witnesses and documents will be necessary in the trial in both cases. No material fact is alleged in action No. 1 that was not alleged in action No. 2, save the allegations of conspiracy.

The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. 186 F.2d at 470.

■ As in *Williamson,* the Plaintiff's instant case and his first case are based upon

---

**2.** A judgment dismissing a complaint on a motion to dismiss for failure to state a claim upon which relief can be granted under F.R.Civ.P. 12(b)(6) is presumptively on the merits unless the contrary appears of record or is stated in the decree, *see* 1B Moore's Federal Practice ¶ 0.409[1] at p. 1005. Such judgments have the same effect of res judicata as though rendered after trial.

the same allegations of "liability creating conduct." The bases of both actions are the Plaintiff's allegations that while he was engaged as an attorney representing the Yaricks in negotiations with the Defendant Boron Oil Company about a real estate transaction, the Defendants conducted inquiries to learn the identity of the Plaintiff who, incidentally, was not listed in the Pittsburgh telephone directory under the heading of "Attorneys." In his first case, the Plaintiff contended that these inquires violated provisions of the Fair Credit Reporting Act; in his second, he contends that the same inquiries also constituted various torts. While the theories of recovery differ, the "liability creating conduct" is the same. Accordingly, we hold that the instant case presents no new cause of action and is barred by the doctrine of res judicata. The instant case will be dismissed.