INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION NO. 249, Plaintiff,

v.

CONSOLIDATED FREIGHTWAYS, INC., Defendant.

Civ. A. No. 83–2243.

United States District Court, W.D. Pennsylvania.

Dec. 13, 1983.

Joseph J. Pass, Pittsburgh, Pa., for plaintiff.

Jon Hogue, Titus, Marcus & Shapira, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This suit represents plaintiff's second effort to overturn an arbitrator's decision approving defendant's change of operations. Summary judgment in favor of the defendant was granted in the first suit. 558 F.Supp. 588 (W.D.Pa.1983). Defendant has now moved to dismiss the second complaint. We conclude that plaintiff's claims are barred by the doctrine of res judicata and the complaint will therefore be dismissed.

## FACTS

We summarize here the salient facts.[1] The defendant Company proposed a change of operations creating a new terminal in Pittsburgh, Allegheny County, Pennsylvania, but permitting out-of-county drivers to continue some existing runs into the County. Plaintiff Local, which has union jurisdiction over Allegheny County, objected, asserting that *all* runs within the County were properly assigned to its members exclusively. The Company submitted the

---

1. A more detailed presentation of the facts may be found in our previous opinion at 558 F.Supp.

matter to the Change of Operations Committee (COC), under the National Master Freight Agreement (NMFA), to which both Company and Plaintiff Local are signatories. The COC approved the Company's proposal over the Local's objections.

Plaintiff Local then filed suit in the District Court contending that the arbitrator exceeded its authority, lacked jurisdiction, and ignored contrary language in the NMFA. In our opinion granting summary judgment for the Company, we concluded that COC had jurisdiction over the dispute, and its decision had a rational basis in the language of the NMFA.

Subsequently, the Union's Joint Council 40 Executive Board addressed the issue as a territorial jurisdiction dispute between the locals. The Executive Board disapproved the Company's change of operations because the runs by out-of-county drivers violated plaintiff Local's jurisdiction. On August 5, 1983, the Eastern Conference Joint Area Committee (ECJAC) reaffirmed the original COC decision, despite the contrary decision by the Union Executive Board. Plaintiff Local then filed this action.

## ANALYSIS

Res judicata is intended to insure the finality of decisions on the merits and to eliminate needless litigation. Where a final decision on the merits has been rendered, the doctrine provides a bar to further suits on the same cause of action.

However the application of res judicata is not limited to a suit which is identical in all respects to the preceding litigation. If so it would be a severely restricted and practically useless doctrine. Rather, res judicata will apply to bar assertion in a second suit of any theory which the plaintiff had reasonable opportunity to present in the first suit, and which arises from the same liability creating conduct which gave rise to the first suit. *Williamson v. Co-*

588.

*lumbia Gas & Electric Corp.*, 18G F.2d 464 (3d Cir.1950); *Ley v. Boron Oil Co.*, 454 F.Supp. 448 (W.D.Pa.1978).

Here we have identical parties in both the first and second suits, with the company the only defendant in each. The plaintiff seeks the same relief here as in the original suit—vacation of the arbitrator's decision. Plaintiff has raised the issue of the arbitrator's jurisdiction in both complaints, although on somewhat differing theories. Plaintiff has relied in both actions, at least in part, on the same sections of the NMFA.

Plaintiff seeks to distinguish the claims in the second complaint from those in the first. Plaintiff relies on Article 30 of the NMFA for the premise that the employer must abide by the Union's decisions on its own jurisdictional disputes, and may not submit them for arbitration. This echoes the language of Article 3, Section 4, of the NMFA, advanced by the plaintiff in the first suit, which provides that the employer must abide by the jurisdictional rules of the Union. These are essentially the same claims, albeit brought under different headings. Each seeks to establish that this matter is one of union territorial jurisdiction and therefore not arbitrable. In the first suit we concluded that the arbitrator had jurisdiction under the NMFA over this dispute. Because the issue of the arbitrator's jurisdiction was resolved in the first suit on the merits, it may not be resurrected here. To the extent that the claims are based on different sections of the NMFA, they could have and should have been raised in the original action. Both are based on the same liability creating conduct, the change of operations and the arbitration decision. The failure to raise the claim on Article 30 in the first suit requires barring its assertion in the second under the res judicata doctrine.

However, plaintiff argues that the claim under Article 30 was not ripe at the time of the original suit because the Union's Executive Board had not yet addressed the issue and therefore the employer had not yet ignored a Union jurisdictional decision. It is clear from the chronology presented by the plaintiff that the Executive Board began consideration of the issue while the first suit was pending. The Company and ECJAC were informed of this. The Company persisted and obtained a ruling from the Arbitrator. If indeed this was a Union jurisdictional dispute as plaintiff asserts, the Company violated Article 30 by its terms when it presented such a matter to the arbitrator.[2] The claim presented in this second suit was therefore ripe, available, and omitted in the first suit, although it was in essence litigated under the guise of Article 3, Section 4.

It is further apparent that the plaintiff's position that this dispute was one of union territorial jurisdiction is based on the same premise in both suits, a premise which was resolved on the merits in the first suit in favor of the defendant.

Both Article 3, Section 4, and Article 30, as we have seen, place matters of union jurisdictional rules within the purview of the union. An essential element then under either provision is that the dispute be one of intra-union jurisdiction.

In its brief in this suit, plaintiff argues that the proposed change of operations involved an intra-union jurisdictional dispute because of the application of Article 53, Section 1 of the NMFA Local Supplement. That section provides that "road drivers" will not be permitted to make pickups within the territorial jurisdiction of a Local, which territory includes a terminal. It would appear then that the Company's proposal to permit continued runs to locations in Plaintiff Local's jurisdiction by members of Locals in surrounding counties contravenes the Union's jurisdictional rules.

However, this argument ignores the plain and unambiguous language of Article 53, Section 3(a) which exempts "cartage

---

**2.** Article 30 reads in pertinent part:
"... and such disputes shall not be submitted to arbitration under this Agreement, Supplements or Riders thereto or to legal or administrative agency proceedings."

drivers" engaged in "peddle runs" from the provision of Article 53, Section 1. This matter has already been addressed on summary judgment in the previous case, examining the exact same provisions of the NMFA. Plaintiff presented nothing to contradict the defendant's evidence that all runs performed within Plaintiff Local's territory by members of out-of-county Locals were "peddle runs" performed by "cartage drivers", are therefore permissible under the NMFA and do not impinge on union jurisdictional rules.

For our purposes then on defendant's motion to dismiss, it is evident that plaintiff's claim that this matter is one of intra-union jurisdictional dispute is based on a premise litigated in the previous suit and resolved against the plaintiff. Relitigation of such claims is barred by res judicata.

Defendant has also sought counsel fees. Although the suit is barred by res judicata, there is no evidence of bad faith on the part of plaintiff. The motion for attorney's fees will therefore be denied.

## CONCLUSION

In our opinion on summary judgment in the previous action we expressly held that a) the arbitrator had jurisdiction under the NMFA of this change of operations dispute, and b) this was not an intra-union jurisdictional dispute. Plaintiff again raises the issue of the arbitrator's jurisdiction in this suit, and although it is on a somewhat different theory, it is a claim which arose from the same liability creating conduct and which plaintiff had reasonable opportunity to advance in the first suit. Furthermore, plaintiff again bases its theory on the position that this was a union jurisdictional dispute, and plaintiff again relies on the same provisions of the NMFA. This issue was expressly resolved in favor of the defendant in the first suit on summary judgment. For the reasons stated above, we conclude that plaintiff's claims in this suit are barred by the doctrine of res judicata, and the complaint will therefore be dismissed. An appropriate order will be entered.