Eileen SEAMON and Michael Seamon,
her husband, Plaintiffs,

v.

The BELL TELEPHONE COMPANY OF
PENNSYLVANIA, Defendant.

Civ. A. No. 83–1801.

United States District Court,
W.D. Pennsylvania.

Dec. 28, 1983.

See also, 571 F.Supp. 1073.

Kenneth Behrend, Pittsburgh, Pa., for plaintiffs.

Edward N. Stoner, II, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., David L. Williams, The Bell Telephone Co. of Pa., Philadelphia, Pa., for defendant.

## OPINION

WEBER, District Judge.

The unfortunate and unnecessary procedural tangle that this case has become is about to meet an inglorious end. Defendant has filed a motion for summary judgment in this action. Plaintiffs have since filed their second motion to remand. For the reasons stated below, we will deny plaintiffs' latest motion to remand and grant summary judgment in favor of the defendant Bell.

### I. Facts and Procedural History

Plaintiff Eileen Seamon has alleged in this suit that she was wrongfully forced to transfer from one Bell office to another more distant. Her original position was later filled by a less senior employee and plaintiff was not offered the option to transfer back. Plaintiff also alleges harassment by fellow employees and a supervisor.

Plaintiff Eileen Seamon originally filed a Title VII action in this court at Civil Action No. 83–245 after exhausting EEOC proceedings and receiving a right to sue notice. Bell was the sole defendant in this suit. On March 21, 1983 the action was dismissed with prejudice by stipulation and order.

On July 6, 1983, plaintiffs Eileen and Michael Seamon filed a complaint in the Court of Common Pleas of Allegheny County. The suit named Bell Telephone and the Federation of Telephone Workers (hereinafter Union) as defendants. This complaint alleged violations of the Labor Management Relations Act (LMRA) 29 U.S.C. § 141 et seq., charging Bell and the Union with breach of the collective bargaining agreement, breach of the duty of fair representation, conspiracy, and intentional infliction of emotional distress. Michael Seamon claimed loss of consortium.

The case was removed to this court on the basis of federal question jurisdiction; specifically, plaintiffs' claims under the Federal labor laws.

Plaintiffs then filed the first of their motions to remand in which they tried in vain to contradict the plain jurisdictional language of their own complaint. This motion was denied in an opinion and order dated September 23, 1983. 571 F.Supp. 1073. We concluded at that time that plaintiffs' complaint clearly stated a federal cause of action under the LMRA.

Plaintiffs then moved to amend their complaint to drop the Union as a party defendant and recast their claims under state common law. Defendant Bell assented to this motion and it was so ordered. Furthermore, plaintiffs have explicitly abandoned the claims stated in their original complaint and judgment in favor of defendant will therefore be entered · on those claims.

Defendant Bell then filed a motion for summary judgment. While defendant's motion was pending, plaintiffs filed their second motion to remand. Both matters have now been fully briefed and supported and are ripe for disposition.

## II. *Analysis*

### (1) Motion to Remand

■ Where a federal court has jurisdiction over one claim, it may exercise pendant jurisdiction over state claims in the same lawsuit. Furthermore, when the jurisdiction conferring claim is dismissed or disposed of, the court may retain pendant jurisdiction over the remaining claims. *Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This is particularly true where all the claims arise from a common nucleus of fact, and where the parties and the court have invested significant effort in the matter.

■ We previously concluded that plaintiffs' complaint stated a federal cause of action under the LMRA and that jurisdiction was therefore properly grounded in this court. Accordingly this court holds pendant jurisdiction over plaintiffs' state claims, particularly because they arise from the same factual allegations which form the basis of the LMRA claims.

Plaintiffs have now abandoned their LMRA claims, and because they now rest solely on state claims, they urge a remand. We have noted that the factual allegations are the same in both the state and federal claims. The parties have fully briefed and supported possibly dispositive motions. We are intimately familiar with this case in its various incarnations and we hesitate to burden another court with this procedural tangle now that we have unravelled it. Furthermore, even plaintiffs' purported state claims impinge on an area of significant federal statutory and common law. For these reasons we believe that we retain pendant jurisdiction over the remaining claims in this suit, and that a remand would be improvident. Plaintiffs' second motion to remand will therefore be denied.

### (2) Res judicata

■ By its motion for summary judgment, defendant contends that plaintiffs' claims, in their entirety, are barred by the doctrine of res judicata. Essentially, the doctrine is intended to prevent repetitive and unnecessary litigation. It will operate to bar not only identical repetitive suits, but also to prevent the assertion of a different legal theory which arises from the same liability creating conduct, and which the party had reasonable opportunity to present in the original suit. *Williamson v. Columbia Gas & Electric Corp.,* 186 F.2d 464 (3d Cir.1950); *Ley v. Boron Oil Co.,* 454 F.Supp. 448 (W.D.Pa.1978). A party is not entitled to a second lawsuit merely because he states a new theory of recovery. *Id.*

■ Plaintiff Eileen instituted the Title VII action which resulted in a stipulated dismissal with prejudice, a final judgment on the merits. A review of that complaint reveals that plaintiff complained of a forced transfer and harassment by co-workers and a supervisor motivated by sexual bias.

The complaint and the amended complaint in this action state the same underlying factual allegations. Although the latest complaint deletes reference to sexual bias, the actionable conduct is essentially the same—that defendant wrongfully transferred plaintiff and permitted harassment.

Both the LMRA claims and the state claims in the amended complaint could have been raised in the first suit. All the necessary factual elements giving rise to these claims were present when the first suit was dismissed with prejudice. Nothing prevented the assertion of these claims in the first suit. They arose from common liability creating conduct, but plaintiffs failed to raise them there. We cannot permit plaintiffs to resurrect a dispute arising from the very same facts solely because they now assert a new theory of recovery. For these reasons and the need for finality of judgments on the merits, plaintiffs' claims are barred by the doctrine of res judicata.

■ Plaintiffs argue that the claims of Michael Seamon for loss of consortium and intentional infliction of emotional distress cannot be barred because he was not a party to the original Title VII action. However, the claims of a person who was not

party to a prior suit may be barred when that person stands in privity with a party in the prior suit. *Commissioner v. Sonnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Gambocz v. Yelenscics,* 468 F.2d 837, 841 (3d Cir.1972); *Albright v. R.J. Reynolds Tobacco Co.* 463 F.Supp. 1220 (W.D.Pa.1979).

▮ A person is in privity when a close or significant relationship exists between the parties. *Gambocz,* 468 F.2d at 841. Privity has been found where a spousal relationship exists. E.g., *Jones v. Beasley,* 476 F.Supp. 116 (M.D.Ga.1979); *Stickney v. Squibb & Sons,* 377 F.Supp. 785 (M.D.Fla.1974). The plaintiffs here are married. The husband's claims are closely aligned with those of this wife, arising from the same factual allegations and dependent at least in part on proof of injury to her. Also significant is that Michael, though not a party, signed the agreement ending the first lawsuit. It is clear then that Michael was in a close relationship with Eileen, his claims are closely aligned with hers, and he was involved to some extent or at least aware of the claims presented in the original action. For these reasons we conclude that plaintiff Michael Seamon was in privity with Eileen Seamon and Michael's claims are also barred by the doctrine of res judicata.

### III. Conclusion

For the reasons stated above, Plaintiffs' second Motion to Remand will be denied, and summary judgment in favor of Defendant Bell will be entered on all claims in both the original and amended complaints. An appropriate order will issue.