Joseph G. SENDI

v.

NCR COMTEN, INC.

Civ. A. No. 85–5847.

United States District Court,
E.D. Pennsylvania.

Jan. 16, 1986.

David R. Black, Media, Pa., for plaintiff.

Philip H. Lebowitz, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

This is the second of two lawsuits based on plaintiff Joseph Sendi's claim that defendant NCR Comten, Inc. wrongfully terminated his employment. In 1984 Sendi filed a complaint alleging that Comten's acceptance of his resignation on November 6, 1981 violated the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.1 *et seq. Sendi v. NCR Comten, Inc.*, No. 84-2114 (E.D.Pa. filed May 2, 1984) (*Sendi I*). On June 10, 1985 Sendi moved for leave to amend his complaint to add counts alleging breach of an employment agreement and an implied covenant of good faith and fair dealing. I denied his motion for leave to amend on July 5 and, on October 25, granted summary judgment in Comten's favor, 619 F.Supp. 1577.

On October 10, 1985 plaintiff filed this lawsuit (*Sendi II*). Comten has moved to dismiss the *Sendi II* complaint, which is identical to the proposed amended complaint in *Sendi I*, on the ground that it is barred by res judicata.[1] For the reasons stated below, Comten's motion to dismiss will be granted.

The doctrine of res judicata is intended to ensure the finality of judgments and prevent repetitive litigation. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). The doctrine operates to bar not only identical repetitive suits but also to prevent the assertion of a different legal theory which arises from

the same liability creating conduct, and which the party had reasonable opportunity to present in the original suit.... A party is not entitled to a second lawsuit merely because he states a new theory of recovery.

*Seamon v. Bell Telephone Co.,* 576 F.Supp. 1458, 1460 (W.D.Pa.1983), *aff'd mem.,* 740 F.2d 958 (3d Cir.1984). *See also Haefner v. County of Lancaster,* 543 F.Supp. 264, 266–67 (E.D.Pa.1982), *aff'd mem.,* 707 F.2d 1401 (3d Cir.1983); *Miller v. United States,* 438 F.Supp. 514, 520–23 (E.D.Pa.1977).

Plaintiff argues that in *Sendi I* he sought damages only for commissions which he had allegedly earned prior to his November 6, 1981 termination date. *Sendi II* is not barred, he contends, because it is based on a claim that defendant breached an employment agreement by preventing plaintiff from working and earning commissions after November 6.

In my view, the claims in *Sendi I* and *II* cannot be so neatly differentiated. Both cases center on the question whether Comten had the right to accept Sendi's resignation on November 6, 1981 and to deny his request to remain on the payroll for a period of time. The cases "emerge from the same transaction and share precisely the same nucleus of operative facts." *Poe v. John Deere Co.,* 695 F.2d 1103, 1106 (8th Cir.1982). *Sendi II* "is nothing more than an attempt to apply different legal labels to the facts" of *Sendi I. Id.* at 1107. *See also Seamon,* 576 F.Supp. at 1460.

Moreover, although I denied plaintiff leave to amend his complaint in *Sendi I,* he did not confine himself to a claim for commissions allegedly earned before November 6, 1981. In opposing Comten's motion for summary judgment, Sendi argued and presented evidence to show that Comten's personnel policy manual and general employment practices gave him a right to remain with Comten and continue to earn commissions after November 6. I specifi-

---

1. After Comten filed its motion, the parties agreed to a dismissal with prejudice of Count I   of the *Sendi II* complaint.

cally considered and rejected these contentions in ruling on Comten's summary judgment motion. *See Sendi v. NCR Comten, Inc.*, 619 F.Supp. 1577, 1580–81 (E.D.Pa. 1985). Plaintiff's claim that he was discharged in violation of specific or implied terms in an employment agreement cannot, therefore, serve as the basis for a second lawsuit.

▮ Even had I not considered plaintiff's additional claims in *Sendi I*, the fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts. As the Third Circuit observed in *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir.1977), the district court "must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rule[ ] pertaining to the amendment of complaints, Fed.R. Civ.Proc. 15." Sendi's proper recourse was to appeal from the denial of his motion to amend. *Poe*, 695 F.2d at 1107; *Eliason Corp. v. Bureau of Safety and Regulation*, 564 F.Supp. 1298, 1303–04 (W.D.Mich. 1983). Comten's motion to dismiss the complaint in *Sendi II* will be granted.

▮ Comten has also moved for sanctions against plaintiff and his counsel pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. Although I agree that the decision to file a second suit was ill-advised, I cannot conclude that plaintiff and his counsel acted so unreasonably as to justify imposition of sanctions. *Sendi II* was filed on October 10, 1985, before my October 25 Opinion and Order in *Sendi I*, which made clear that I had considered and rejected all of plaintiff's arguments. Moreover, I accept counsel's representation that he brought *Sendi II* in an attempt to prevent the statute of limitations from running on plaintiff's contractual claims. Applying the standard set forth in *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985), I am satisfied that counsel's litigation tactics, although misguided, were not entirely unwarranted. Comten's request for sanctions will be denied.