**Gary C. TYLER**

v.

**George M. O'NEILL and Wm. M. Hendrickson, Inc.**

**No. Civ.A. 99–CV–0136.**

United States District Court, E.D. Pennsylvania.

May 24, 1999.

Bruce S. Marks, Ely Goldin, Egorov, Puginski, Afanasiev & Marks, LLC, Philadelphia, PA, for plaintiff.

Jeffrey B. McCarron, Anthony T. Febbo, Swartz, Campbell & Detweiler, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER District Judge.

By way of the motion which is now pending before this Court, Defendants seek to have Plaintiff's complaint dismissed in its entirety and with prejudice as barred by principles of *res judicata*. For the reasons which follow, Defendants' motion shall be granted.

### Factual Background

Plaintiff filed this lawsuit on January 11, 1999 seeking an injunction compelling defendants to issue 400 shares of stock in

Hendrickson, Inc. which were purportedly never issued to him following his purchase of a 10% interest in the company in 1981 and to file amended income tax returns from 1987 to the present. Plaintiff also seeks compensatory and punitive damages from defendants for fraud, conversion, breach of fiduciary duty and breach of contract.

This action was filed not quite one month after Magistrate Judge Thomas Reuter issued his opinion granting the motion of George and Michelenia O'Neill for judgment as a matter of law and to vacate, alter or amend a civil judgment entered by a jury in a prior civil action between the same parties in this Court at No. 97–3353. That case, like the one now before us, also arose out of the plaintiff's 10% shareholder interest in William M. Hendrickson, Inc. and the individual defendants' alleged taking title to corporate property in their own name, failure to pay plaintiff the dividends to which he was entitled, mishandling of the corporation's financial affairs resulting in decreased shareholders' equity, refusal to produce corporate books and records as required by the Pennsylvania Business Corporations Law and failing to represent plaintiff as a 10% company owner on tax returns, loan applications and bankruptcy court filings. There, as here, Mr. Tyler asserted claims for breach of fiduciary duty and fraud, as well as for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et. seq.* and conspiracy to violate RICO.

That action was tried on agreement of the parties before Magistrate Judge Reuter to a jury commencing on May 27, 1998 and resulted in a verdict on June 4, 1998 for plaintiff on his breach of fiduciary duty and fraud claims in the amount of $225,000 against George O'Neill only. On the other claims, the jury found in favor of the defendants. In response to special interrogatories on the issue of when plaintiff should have discovered he was harmed by the defendants, however, the jury found

that plaintiff should have learned he was harmed in March, 1991. As this response indicated that the plaintiff's fraud and breach of fiduciary duty claims were barred by the two-year statute of limitations, judgment was entered in favor of defendants and against plaintiff as a matter of law pursuant to Fed.R.Civ.P. 50(b). That decision was appealed to and is now pending before, the U.S. Court of Appeals for the Third Circuit.

Defendants now argue in support of the instant motion to dismiss that since plaintiff could (and should) have challenged the corporation's failure to issue stock, failure to produce tax returns and refusal to file amended tax returns to reflect that the plaintiff did not participate in the 1987 decision to allow Hendrickson, Inc. to change its filing status from that of a regular corporation to that of a Subchapter S corporation, he is barred under the doctrine of *res judicata* (or claims preclusion) from pursuing these claims now. In response, Plaintiff contends: (1) that since he did not endeavor to compel the issuance of his stock or the amendment of the corporate income tax returns in the first action, he is not precluded from asserting these claims in a subsequent action and, (2) given that the refusal to issue stock and to re-file the returns is continuing, the statute of limitations with respect to the claims raised in this action has essentially been tolled. Alternatively, Mr. Tyler submits that the motion to dismiss should be denied because both *res judicata* and the statute of limitations are affirmative defenses which are properly pled in an Answer to his Complaint and which cannot be determined at this stage of the proceedings.

### Standards Governing Rule 12(b)(6) Motions

Among the vehicles often used to challenge the sufficiency of a pleading is the filing of a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) and *res judicata*, although an affirmative de-

fense, may be raised in a Rule 12(b)(6) motion. *Rycoline Products, Inc. v. C & W Unlimited,* 109 F.3d 883, 886 (3rd Cir. 1997); *Mack v. Municipality of Penn Hills,* 547 F.Supp. 863, 868, note 9 (W.D.Pa.1982). Of course, in resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). In so doing, the court must accept as true the facts alleged in the complaint, together with all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the plaintiff. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Associates, Inc. v. CLX Realty Co.,* 760 F.Supp. 1141 (E.D.Pa.1991). Dismissal under Rule 12(b)(6) for failure to state a claim is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3rd Cir.1988); *Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939, 944 (3rd Cir.1985), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985).

### Discussion

The doctrine of *res judicata*[1] is intended to ensure the finality of judgments and prevent repetitive litigation. *Sendi v. NCR Comten, Inc.,* 624 F.Supp. 1205, 1206 (E.D.Pa.1986) citing *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). *See Also: Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Claim preclu-

sion and issue preclusion are the currently accepted terms for two different, applications of the doctrine of *res judicata;* issue preclusion has also been referred to as collateral estoppel. *Venuto v. Witco Corp.,* 117 F.3d 754, 758 (3rd Cir.1997); *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 961, n. 1 (3rd Cir.1991), citing *Gregory v. Chehi,* 843 F.2d 111, 116 (3rd Cir.1988) and *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 n. 4 (3rd Cir.1984).

 Under collateral estoppel or issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior cause of action. *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha,* 855 F.Supp. 673, 677 (D.Del.1994), *aff'd,* 58 F.3d 616 (Fed.Cir.1995), citing *Montana v. U.S.,* 440 U.S. at 153, 99 S.Ct. at 973. Claim preclusion, on the other hand, provides that when a court has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Donahue v. Gavin,* 1999 WL 165700 (E.D.Pa.1999) quoting, *inter alia, Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

 Thus, under the federal law of claim preclusion, a claim may not be asserted if a defendant can demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Arab African International*

---

1. For some time, there has been some confusion as to whether the state or federal law of *res judicata* should be applied where successive suits based upon diversity are involved. In this case, however, we note that Pennsylvania law of *res judicata* mirrors the federal law in this area. *See, e.g.: Lubrizol v. Exxon,*

*infra; Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980); *Banker v. Valley Forge Insurance Co.,* 401 Pa.Super. 367, 585 A.2d 504 (1991); *Hebden v. Workmen's Compensation Appeal Board,* 142 Pa. Cmwlth. 176, 597 A.2d 182 (1991). Accordingly, we need not address this issue.

*Bank v. Epstein,* 10 F.3d 168, 171 (3rd Cir.1993); *Lubrizol v. Exxon,* 929 F.2d at 963; *Lentz v. Mason,* 32 F.Supp.2d 733, 746 (D.N.J.1999). In this manner, the doctrine of claim preclusion prevents a party from prevailing not only on issues that were actually litigated in a prior suit, but also on issues it might have but did not assert in the first action. *Mars v. Nippon,* 855 F.Supp. at 677 citing *Gregory v. Chehi,* 843 F.2d 111, 116 (3rd Cir.1988). This is because a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together. *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha,* 58 F.3d 616, 619–620 (Fed.Cir. 1995), citing Restatement (Second) of Judgments § 24(2) (1984) and *Gregory v. Chehi,* 843 F.2d at 117.

█ Given the difficulty in precisely defining the term "cause of action" for purposes of *res judicata,* the courts in the Third Circuit have noted that the question of whether two suits are based on the same cause of action turns on the essential similarity of the underlying events rather than on the specific legal theories invoked. *Lubrizol,* 929 F.2d at 963; *Davis v. United States Steel Supply,* 688 F.2d 166, 171 (3rd Cir.1982), *cert. denied,* 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983). Thus, the focal point of the court's analysis should be "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." *Mars,* 855 F.Supp. at 677 quoting *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 984 (3rd Cir. 1984). *see Also: Logan v. Fleming Foods of Pennsylvania, Inc.,* 138 B.R. 15 (E.D.Pa.1992).

█ In application of all of the foregoing principles to the motion pending in this case, we find that the plaintiff and the defendants in this action were parties in the earlier matter and that case was tried to verdict last year. Clearly then, the elements of identical parties and a final judgment on the merits are present here.

Additionally, the facts upon which this lawsuit is based are the same as those upon which Mr. Tyler brought Action No. 97–3353. Indeed, the first action was predicated upon the O'Neills' improper and fraudulent actions in refusing to permit Mr. Tyler access to the corporate books and records of Hendrickson, in not paying him the dividends to which he was entitled and in not disclosing his 10% ownership interest in the company in loan applications or income tax and bankruptcy court filings. The facts underlying the present action are no different. Plaintiff is again asserting that George O'Neill acted improperly and fraudulently in failing to disclose to the IRS that Mr. Tyler was a 10% owner in Hendrickson when he filed the subchapter S election forms and income tax returns for the corporation beginning in 1987 and in failing to provide plaintiff with K–1 forms and his stock certificates. This conduct pre-dated the filing of the first lawsuit and plaintiff obviously knew or should have known then that his stock certificates had not been issued and that the corporation had been filing its tax returns under Subchapter S since 1987. Plaintiff therefore had the causes of action which he raises in this suit available to him when he filed the first action in 1997. Inasmuch as Third Circuit law does not permit a plaintiff to split causes of action into separate or successive lawsuits, we can reach no other conclusion but that the doctrine of claim preclusion operates here to bar this, Mr. Tyler's second, lawsuit. For this reason, Defendants' motion to dismiss shall be granted pursuant to the attached order.

### ORDER

AND NOW, this 24th day of May, 1999, upon consideration of the Defendants' Motion to Dismiss Plaintiff's Complaint and

476

Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED and this case is dismissed with prejudice for the reasons set forth in the preceding Memorandum Opinion.

## ORDER

AND NOW, this 24 day of May, 1999, upon consideration of Plaintiff's Motions for Summary Judgment, to Refile His Motion to Disqualify Schwartz, Campbell & Detweiler *Nunc Pro Tunc* and to Withdraw His Motion for Partial Summary Judgment Without Prejudice and in view of this Court's Memorandum and Order granting Defendants' Motion to Dismiss, it is hereby ORDERED that Plaintiff's Motions for Summary Judgment, to Refile Motion to Disqualify and to Withdraw Motion for Partial Summary Judgment are hereby DENIED and DISMISSED as MOOT.