**Jennifer RUTTER,**

v.

**Felix Carantini RIVERA.**

**No. CIV.A.00–CV–4057.**

United States District Court, E.D. Pennsylvania.

Feb. 25, 2002.

Thomas Sacchetta, Sacchetta & Baldino, Media, PA, for Plaintiff.

Kevin R. McNulty, Geralmo, McNulty, Divis & Lewbart, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant, Felix Carantini Rivera moves the Court for a new trial pursuant to Fed.R.Civ.P. 59. For the reasons which follow, the motion is denied.

### History of the Case

This case arose out of an automobile accident which occurred on August 12, 1998 on Route 420 in Springfield Township, Delaware County, Pennsylvania. On that date, the plaintiff, Jennifer Rutter, was traveling in the left lane en route to her office from a client visit when the vehicle in front of her stopped suddenly to make a right-hand turn. The vehicle traveling behind Ms. Rutter, which was being operated by Defendant Felix Rivera, however, was unable to stop in time and subsequently rear-ended Plaintiff's vehicle. As a result of this collision, Plaintiff was injured.

Plaintiff commenced this lawsuit on August 10, 2000 and the matter was tried before a jury on October 15–16, 2001. The jury returned a verdict in favor of the plaintiff in the amount of $71,000 and assessed causal negligence in the amount of 67% against Defendant Rivera and 33% against Leona Natan, the driver of the car which stopped suddenly and turned in front of Ms. Rutter's vehicle.[1] By way of the motion which is now before us, Mr. Rivera seeks a new trial.

### Standards Governing Motions for New Trial

Fed.R.Civ.P. 59 sets forth the parameters under which motions for new trial may be considered. Under Rule 59(a),

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...

Commonly raised grounds for new trial motions include prejudicial error of law, that the verdict is against the weight of the evidence, that the verdict is too large or too small, that there is newly discovered evidence, that conduct of counsel or the court has tainted the verdict, or that there has been misconduct affecting the jury. *Kiss v. Kmart Corporation,* No. 97–7090, 2001 WL 568974, 2001 U.S. Dist. LEXIS 6744 at *3 (E.D.Pa. May 22, 2001); 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d,* § 2805 (2d Ed.1995). The overriding principle is that a court has the power and duty to order a new trial to prevent injustice although the standard to be applied differs with the grounds asserted in support of the motion. *Kiss, supra.* In all cases, the authority of a trial court to grant a motion for a new trial is "confided almost entirely to the exercise of its discretion." *American Bearing Co. v. Litton Indus., Inc.,* 729 F.2d 943, 948 (3d Cir.1984), quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *Anderson v. CONRAIL,* No. 98–6043, 2001

---

1. While Ms. Natan and her husband were originally named as defendants in this action, they settled with the plaintiff several months before the trial in this matter.

WL 177068, 2001 U.S. Dist. LEXIS 1882 at *9 (E.D.Pa.2001).

In evaluating a motion for a new trial on the basis of trial error, the Court must first determine whether an error was made in the course of trial and then must determine whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice. *Lyles v. Allstate Insurance Company*, No. 00–628, 2000 WL 1868389, 2000 U.S. Dist. LEXIS 18389 at *4 (E.D.Pa. Dec. 22, 2000), quoting *Farra v. Stanley–Bostitch, Inc.*, 838 F.Supp. 1021, 1026 (E.D.Pa.1993). It must be remembered that where a contention for a new trial is based on the admissibility of evidence, the trial court has great discretion which will not be disturbed on appeal absent a finding of abuse and that the burden of showing harmful error rests on the party seeking the new trial. *Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1370 (3d Cir.1991); 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d*, § 2803 (2d Ed.1995).

### Discussion

Defendant here first assigns as error this Court's refusal to allow him to assert that Plaintiff's claim to be disabled from work and having lost income was barred by the finding of the worker's compensation judge under the doctrines of res judicata and/or collateral estoppel.

As a general rule, federal courts must give a state court judgment the same preclusive effect as would the courts of that state. *Torres v. EAFCO, Inc.*, No. 00–2846, 2001 WL 41135, 2001 U.S. Dist. LEXIS 276 at *13 (E.D.Pa. Jan. 17, 2001), citing *Swineford v. Snyder County*, 15 F.3d 1258, 1266 (3d Cir.1994). Claim preclusion and issue preclusion are the currently accepted terms for two different applications of the doctrine of res judicata; issue preclusion has also been referred to

as collateral estoppel. *Venuto v. Witco Corp.*, 117 F.3d 754, 758 (3d Cir.1997); *Tyler v. O'Neill*, 52 F.Supp.2d 471, 474 (E.D.Pa.1999), *aff'd*, 225 F.3d 650 (3d Cir. 2000). Under Pennsylvania law, collateral estoppel applies where the following four prongs are met: (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Rue v. K–Mart Corporation*, 552 Pa. 13, 713 A.2d 82, 84 (1998); *Jones v. United Parcel Service*, 214 F.3d 402, 405 (3d Cir.2000); *Heath v. Pennsylvania Board of Probation and Parole*, No. 99–6370, 2001 U.S. Dist. LEXIS 9288 at *4 (E.D.Pa. May 31, 2001).

In applying these principles to this case, we note that as the plaintiff has appealed the decision of the Worker's Compensation Judge to the Worker's Compensation Appeal Board, it is clear that there has not yet been a *final* judgment on the merits. Accordingly, the doctrine of collateral estoppel cannot be applied here and we thus find no error warranting the grant of a new trial on this ground.

Defendant next asserts that this Court erred in failing to grant a mistrial when the plaintiff made mention of insurance during her testimony. Again, we disagree.

It is true that generally, evidence of liability coverage is not admissible when a party is accused of acting wrongfully because of the likelihood for spillover between insurance and inference of fault. Knowledge that a party is insured may also affect a verdict if the jury knows that some of the loss has been paid by insur-

ance or that it would satisfy a judgment against a defendant. However, if the evidence is offered for other relevant purposes, it may be admitted. *Posttape Associates v. Eastman Kodak Company*, 537 F.2d 751, 757 (3d Cir.1976). Indeed, in this regard, Fed.R.Evid. 411 states:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, or bias or prejudice of a witness.

In this case, in response to Plaintiff's counsel's question as to what happened immediately after the collision, Plaintiff testified:

> A. We pulled them off the street because we were actually blocking traffic at that point. We pulled off into the gas station and Mr. Rivera and I exchanged insurance information.

(N.T. 10/15/01, p. 53).

█ While it is true that Plaintiff did reference an exchange of insurance information in her testimony, we cannot find that this reference constituted the admission of evidence that Mr. Rivera was or was not insured such as to lead to an inference of negligence or wrongdoing on his part nor was there any evidence adduced that any judgment entered against the defendant would be paid by his insurance. Rather, it is common knowledge that following an accident in the Commonwealth of Pennsylvania, the parties typically exchange information about their identities, addresses and insurance carriers and that under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, *et. seq.*, every motor vehicle registered in the Commonwealth is required to be covered by financial responsibility. 75 Pa.C.S. § 1786. We therefore find no error in the denial of Defendant's mistrial motion.

Defendant also seeks a new trial on the grounds that this Court erred in refusing to allow his counsel to cross-examine Plaintiff's physician using medical reports from other doctors who treated Plaintiff for both her prior and subsequent accidents and in allowing Plaintiff's attorney to make specific suggestions as to the value of the case and to how the jury should calculate damages in his closing argument.

█ As Judge Kelly recently observed in *Lyles v. Allstate Insurance Co., supra,*

> "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

2000 WL 1868389 at *2, 2001 U.S. Dist. LEXIS at *11. *See Also: Kiss v. K-Mart*, 2001 WL at *13, 2001 U.S. Dist. LEXIS at *19; Fed.R.Evid. 103. Given that we found that Defendant's proposed cross-examination utilized hearsay evidence to which no exception applied and that Defendant has made no showing of how his substantial rights were affected by Plaintiff's counsel's closing argument, we conclude that our rulings fell within the purview of the broad discretion generally afforded district courts in overseeing the admission of evidence and the arguments of counsel. For this reason, we likewise decline to grant Defendant a new trial on these grounds, as well.

The defendant's motion for a new trial is therefore denied in its entirety in accordance with the attached order.

### ORDER

AND NOW, this day of February, 2002, upon consideration of the Defendants' Motion for a New Trial, and following careful review of the record, it is hereby ORDERED that the Motion is DENIED.