**152**

Thomas E. ROBERTS, Appellant,

v.

Barbara WILCOX, Illene Henson and
State Farm Insurance Company,
Appellees.

No. 90–CA–293–S.

Court of Appeals of Kentucky.

March 15, 1991.

Michael C. Wilson, Russell, for appellant.

Charles M. Daniels, Bruce MacDonald,
Greenup, for appellees.

Before DYCHE, HAYES and
STUMBO, JJ.

HAYES, Judge:

This appeal began as a declaratory judgment action filed by State Farm Life Insurance Company. On October 15, 1986, Bonnie Roberts purchased from State Farm a $25,000 life insurance policy. She named as beneficiary her husband, Thomas Roberts. On August 24, 1987, Thomas shot Bonnie. As a result, she was paralyzed from the neck down. On October 8, 1987, Bonnie apparently signed a change of beneficiary form, which removed Thomas as beneficiary under her life insurance policy and replaced him with Barbara A. Wilcox, her daughter, and Illene Henson, her sister. On December 30, 1987, Bonnie Roberts died. On November 15, 1989, Thomas Roberts was convicted of reckless homicide and being a persistent felon. Thomas was sentenced to seven years imprisonment. His appeal of that sentence is currently pending. Meanwhile, the Greenup Circuit Court granted summary judgment to Wilcox and Henson on the ground that the provisions of KRS 381.280[1] precluded Thomas from realizing any proceeds from Bonnie's life insurance policy. Thomas' appeal to us does not attack the provisions of the statute. Rather, he contends that, until his appeal is concluded, he cannot technically be considered "convicted" under the statute.

---

1. *381.280. Forfeiture of right to property for killing decedent.*—If the husband, wife, heir at law, beneficiary under a will, joint tenant with the right of survivorship or the beneficiary under any insurance policy takes the life of the decedent and is *convicted* therefor of a felony, the person so convicted forfeits all interest in and to the property of the decedent, including any interest he would receive as surviving joint tenant and the property interest so forfeited descends to the decedent's other heirs at law, unless otherwise disposed of by the decedent. (Emphasis ours.)

There is no question but that a criminal conviction can be used for purposes of collateral estoppel in a later civil action. *May v. Oldfield*, 698 F.Supp. 124 (E.D.Ky.1988). It is required, however, that the judgment so utilized constitute a final decision on the merits. *Sedley v. City of West Buechel*, Ky., 461 S.W.2d 556 (1971). The precise question presented to us in this case is whether or not the pendency of a criminal appeal otherwise nullifies the finality of a conviction. The parties have not cited us to, nor have we found any law in Kentucky upon this precise issue. The state courts are not in accord regarding the effect of an appeal in these situations. *See*, 46 Am.Jur.2d, *Judgments*, § 459 (1969). By contrast, the long-standing federal rule holds that the pendency of an appeal has no effect whatsoever on the finality of a judgment for purposes of collateral estoppel. *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493 (D.C.Cir.1983).

As we stated, Kentucky has not passed on this question. However, our research has uncovered a Missouri case with striking factual similarities. In *Webb v. Voirol*, 773 F.2d 208 (8th Cir.1985), one appellant, Helen A. Martin, was convicted of killing her husband, Ronald A. Martin. The Federal District Court for the Eastern District of Missouri concluded that Helen Martin's murder of her husband statutorily precluded her from receiving any benefits under his life insurance policy. Martin's conviction had previously been affirmed by the Missouri Court of Appeals; still pending at the time was her motion for RCr 11.42 relief. On appeal, Martin contended that her motion for relief from conviction rendered her conviction "non-final" and, thus, unavailable for use under the doctrine of collateral estoppel. The Eighth Circuit Court of Appeals disagreed, stating that the only relevant issue with regard to the case was whether Helen had intentionally killed her husband, which a Missouri circuit court jury had concluded that she did. We find that the facts of this case militate in favor of a like result. KRS 381.280 purports to deny insurance benefits where the beneficiary has been *convicted* of killing the insured, which result has here occurred. Further, although not an issue in this appeal, it appears that Bonnie Roberts changed the beneficiary from Thomas to Illene Henson and Barbara Wilcox prior to her death. Thus, it is highly unlikely that Thomas would ever receive any benefits under Bonnie's policy. Last, staying the finality of the conviction would merely encourage Thomas to extend his appeals process for years, if only to prevent the proper beneficiaries from receiving money otherwise allotted to them.

For the foregoing reasons, we conclude that the better rule would be to allow the provisions of KRS 381.280 to apply as soon as a conviction occurs, regardless of whether an appeal is taken. Recognizing that we are ruling on an issue of first impression, we would welcome guidance from our Supreme Court. Finding that the granting of summary judgment by the Greenup Circuit Court was proper, we affirm.

All concur.