## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 13 2015, 9:37 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS

Eric C. Bohnet
Indianapolis, Indiana

Ninamary Buba Maginnis
Maginnis Law Office
Louisville, Kentucky

ATTORNEY FOR APPELLEE

Jason A. Lopp
Wyatt, Tarrant & Combs, LLP
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert R. Setree, II, and Beverly L. Setree, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> River City Bank, <br><br> *Appellee-Plaintiff* | May 13, 2015 <br><br> Court of Appeals Case No. 10A04-1409-MF-450 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Jerry Jacobi, Judge <br><br> The Honorable Kenneth R. Abbott, Magistrate <br><br> Case No. 10C02-1201-MF-68 |

**Crone, Judge.**

## Case Summary

[1] Robert R. Setree, II, and Beverly L. Setree ("the Setrees") executed three promissory notes secured by various mortgages to River City Bank ("Bank").

Two of the mortgaged properties were in Indiana and two were in Kentucky. The Setrees breached the terms of one of the Indiana mortgages by failing to pay property taxes on the mortgaged property. Bank filed actions to foreclose on the Kentucky mortgages in Kentucky and was awarded the right to foreclose on both properties. Bank also filed an action in Indiana to foreclose on the property that the Setrees had failed to pay property taxes on. *Setree v. River City Bank*, 10 N.E.3d 30 (Ind. Ct. App. 2014), *trans. denied* (2015) ("*Setree I*"). In *Setree I*, another panel of this Court held that the issues raised in the Setrees' challenge to Bank's foreclosure had already been addressed in the Kentucky cases and therefore were barred by res judicata. *Id*. at 37. Finally, Bank sought foreclosure of the Setrees' property on Holly Drive in Jeffersonville, Indiana ("the Holly Drive Property"), the property in issue here. The trial court entered a summary judgment order granting Bank the right to foreclose on the Holly Drive Property. The Setrees appeal, arguing that Bank does not have the right to foreclose on this property. Bank contends that the Kentucky foreclosure cases already decided the issues involved in the Setrees' default in Bank's favor, and therefore the Setrees' challenge is barred by the doctrine of res judicata. We agree with Bank. We are also unpersuaded by the Setrees' argument that foreclosure of the Holly Drive Property is an unconscionable remedy. Accordingly, we affirm the summary judgment order.

## Facts and Procedural History

At all times relevant to this appeal, the Setrees owned the Holly Drive Property. In 2005, the Setrees executed a promissory note ("2005 Note") in favor of Bank

for $45,667 plus interest, which they secured with a mortgage in favor of Bank on the Holly Drive Property. In 2006, the Setrees executed a second promissory note ("2006 Note") in favor of Bank for $15,484.19 plus interest, secured by a second mortgage on the Holly Drive Property (we refer to the first and second mortgages collectively as "the Holly Drive Mortgages"). In 2007, the Setrees executed a third promissory note ("2007 Note") in favor of Bank for $91,380.50 plus interest and secured it with a mortgage in favor of Bank on property on Cardinal Lane, Jeffersonville ("the Cardinal Lane Mortgage"). The provisions regarding events of default and right to cure in the Holly Drive Mortgages are identical to the corresponding provisions in the Cardinal Lane Mortgage.

[3] Subsequently, the Setrees executed two additional mortgages in favor of Bank on their Louisville, Kentucky properties, one on Virginia Avenue and one on Roederer Drive ("the Virginia Avenue Mortgage" and "the Roederer Drive Mortgage"). These two mortgages provided further security for the 2005 and 2006 Notes. The Roederer Drive Mortgage provided further security for the 2007 Note. In sum, the 2005 and 2006 Notes were secured by mortgages on the Holly Drive, Virginia Avenue, and Roederer Drive Properties, and the 2007 Note was secured by mortgages on the Cardinal Lane and Roederer Drive Properties.

[4] Relevant to this appeal, all three Notes contain the same provisions. Each Note contains a cross-default clause, which provides that the "[f]ailure to make any payment when due under this Note or any Note payable to [Bank]" constitutes

a default. Appellants' App. at 18, 29; Appellee's App. at 106. Each Note provides that the "[v]iolation of any covenant of this note or any note payable to [Bank]" constitutes an event of default. Appellants' App. at 18, 29; Appellee's App. at 106. All three Notes also contain an acceleration clause, which provides, "Upon occurrence of any event of default under the Agreement, all of the indebtedness shall immediately become due and payable without any notice or demand by [Bank]." Appellants' App. at 18, 29; Appellee's App. at 106.

[5] In 2009 and 2010, the Setrees failed to pay Indiana real estate taxes on the Cardinal Lane Property. This constituted a default under the 2007 Note. Pursuant to the cross-default clauses in the Notes, the default under the 2007 Note constituted a default of the 2005 and 2006 Notes and activated Bank's right to accelerate all debts due and owing under all three Notes and to foreclose on all of the mortgages it held on the Setrees' properties. Appellee's App. at 106; *Setree I*, 10 N.E.3d at 32. In the fall of 2010, the Cardinal Lane Property was sold at a tax sale due to the Setrees' failure to pay taxes. The Setrees and Bank attempted to resolve this problem. However, by the end of September 2011, the Setrees had not paid the delinquent taxes. On September 29, 2011, Bank paid $9455.73 to redeem the Cardinal Lane Property from the tax sale buyer and an additional $3116.55 in taxes to bring the delinquent real estate taxes current. The tax redemption amount and all other outstanding taxes had to be paid by October 3, 2011, or Bank would have lost its mortgage lien against the Cardinal Lane Property. *See* Ind. Code § 6-1.1-25-4 (providing

that redemption period for real property sold for delinquent taxes is one year after date of sale).

[6] In October 2011, the Setrees wrote a letter to Bank stating as follows:

> We know these taxes are our responsibility. We notified River City Bank more than a year ago to let you know we didn't have the means to pay them because they had increased so much. We asked if you could pay them.

Appellants' App. at 38.

[7] Bank initiated foreclosure actions on its four mortgages. The Kentucky cases proceeded first. In September 2012, the Jefferson Circuit Court entered a final judgment and order of sale in favor of Bank on the Roederer Drive property, which had secured the 2007 Note. In January 2013, it issued a similar order in favor of Bank on the Virginia Avenue property, which had secured the 2005 and 2006 Notes. The January 2013 order concluded that the Setrees failed to pay property tax on the Cardinal Lane Property, that their failure to pay property taxes constituted a default on the 2007 Note, and that pursuant to the cross-default clauses, default under the 2007 Note constituted a default on *all notes* payable to Bank. Appellants' App. at 60-61; *Setree I*, 10 N.E.3d at 33. In addition, the January 2013 order rejected the Setrees' contention that they were not provided notice or an opportunity to cure. The January 2013 order concluded that the Setrees admitted in their October 2011 letter that they were given more than one year to cure the default, and therefore they had notice and

an opportunity to cure the default but failed to do so. Appellants' App. at 60-61; *Setree I*, 10 N.E.3d at 33.

[8] The Indiana cases followed. In October 2013, the Clark Circuit Court issued summary judgment in favor of Bank granting it the right to foreclose on the Cardinal Lane Property. The Setrees appealed. In May 2014, another panel of this Court affirmed summary judgment in favor of Bank, holding that (1) we were required to afford full faith and credit to the Kentucky foreclosure judgments and (2) because those judgments considered the same issues as those the Setrees raised to challenge Bank's right to foreclose on the Cardinal Lane Property, res judicata prevented relitigation of the Setrees' default. *Setree I*, 10 N.E.3d at 36, 37.

[9] As for the Holly Drive Property, in September 2014, the trial court granted summary judgment in favor of Bank and ordered foreclosure and sale of the property. The Setrees appeal.

## Discussion and Decision

## Standard of Review

[10] When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that

the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

*Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009) (citations omitted).

## Section 1 - The Setrees' challenge to Bank's foreclosure of the Holly Drive Property is barred by res judicata.

The Setrees argue that the trial court erred in granting summary judgment in favor of Bank because (1) a breach of the Cardinal Lane Mortgage is not a breach of the Holly Drive Mortgages and (2) even if they are in default under the Holly Drive Mortgages, the Holly Drive Mortgages require Bank to provide notice and an opportunity to cure and it has not done so. Bank contends that the Kentucky foreclosure cases already decided issues relating to the Setrees' default in Bank's favor, and therefore the Setrees' arguments are barred by the doctrine of res judicata. We agree with Bank.

In *Setree I*, another panel of this Court considered whether the Setrees' challenge to Bank's right to foreclose on the Cardinal Lane Property was barred by res judicata. We noted that "[t]he effect Indiana must accord the Kentucky judgments depends on the treatment that judgment would receive in Kentucky." 10 N.E.3d at 36. We explained,

> Pursuant to Kentucky precedents, res judicata prevents the relitigation of the same issues in a subsequent appeal. *Miller v. Administrative Office of Courts*, 361 S.W.3d 867, 871 (Ky. 2011), *reh'g denied*. Three elements

must be met for res judicata, or claim preclusion, to apply: (1) there must be an identity of the parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits. *Id*. at 872. A close cousin to the doctrine of res judicata is the theory of collateral estoppel, or issue preclusion. *Id*. In order for issue preclusion to operate as a bar to further litigation, certain elements must be established: (1) at least one party to be bound in the second case must have been a party in the first case; (2) the issue in the second case must be the same as the issue in the first case; (3) the issue must have been actually litigated; (4) the issue was actually decided in that action; and (5) the decision on the issue in the prior action must have been necessary to the court's judgment and adverse to the party to be bound. *Id*. Res judicata, being the older term, is thought of as an umbrella doctrine that contains within it both claim and issue preclusion. *Id*. at 871. A pending appeal does not affect the finality of a judgment for preclusion purposes. *See Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997); *Roberts v. Wilcox*, 805 S.W.2d 152, 153 (Ky. Ct. App. 1991).

*Id*.

[13] The *Setree I* court concluded that the Setrees' challenge to Bank's right to foreclose on the Cardinal Lane Property was barred by res judicata, specifically issue preclusion. *Id*. at 37. We reasoned as follows:

> The same issues–the Setrees' failure to pay Indiana property tax pursuant to their 2007 Note and their right to cure–between the same parties–the Setrees and [Bank]–governed the Kentucky cases and this appeal. *[Bank's] right to foreclose on all three notes was triggered as a result of the Setrees' failure to pay their Indiana taxes on the Cardinal Lane Property.* Because of cross-default provisions in the three notes executed between the Setrees and [Bank], the Setrees' default under the 2007 Note constituted a default under the previously executed two notes as well. Therefore, the Kentucky courts' decisions to grant [Bank] the right to foreclose on the Setrees' Kentucky properties necessarily included a determination of default under the 2007 Note–the issue before the trial court. Moreover, the order issued by the Jefferson Circuit Court on

January 15, 2013, analyzed the Setrees' right to cure under the note, an identical claim made by the Setrees in the current case, as being without merit. Accordingly, although the Kentucky cases concerned different mortgages and different property than the instant cause, they litigated the same issues between the same parties: the Setrees' failure to pay the Indiana taxes on the Cardinal Lane Property and the Setrees' right to cure its failure under the 2007 Note.

*Id.* (emphasis added).

[14] The Setrees contend that although *Setree I* concluded that the Kentucky cases decided the issues relevant to the breach of the Cardinal Lane Mortgage and the 2007 Note, the breach of the Cardinal Lane Mortgage has no relationship to the Holly Drive Mortgages, and thus the Kentucky cases did not address issues related to the Holly Drive Mortgages. Although the Holly Drive Mortgages were not directly involved in the Kentucky cases, we nevertheless conclude that the Setrees' challenge to Bank's right to foreclose on the Holly Drive Property is barred by issue preclusion. We do so for two reasons.

[15] First, we are unpersuaded by the Setrees' argument that the breach of the Cardinal Lane Mortgage has no relationship to the Holly Drive Mortgages. They emphasize that the Cardinal Lane Mortgage secured only the 2007 Note, while the Holly Drive Mortgages secured the 2005 and 2006 Notes. This distinction is immaterial. As the *Setree I* court observed, the Kentucky cases concluded that based on the cross-default provisions in the 2005, 2006, and 2007 Notes, the Setrees' default under the 2007 Note constituted a default under the 2005 and 2006 Notes. Significantly, the Setrees do not dispute that they are in default of the 2005 and 2006 Notes. Further, the Setrees

conveniently ignore that one of the Kentucky foreclosure cases was based on the Virginia Property Mortgage, which, like the Holly Drive Mortgages, secured the 2005 and 2006 Notes and not the 2007 Note.

[16] The Setrees' argument also disregards relevant language in the Holly Drive Mortgages. Before examining this language, we observe,

> Interpretation and construction of contracts are questions of law. In reviewing questions of contract interpretation and construction upon appeal, we read the contract as a whole when trying to ascertain the parties' intent, and we will make all attempts to construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless. Further, we must accept an interpretation of the contract that harmonizes its provisions, as opposed to one that causes the provisions to conflict.

*Fischer v. Heymann*, 943 N.E.2d 896, 900-01 (Ind. Ct. App. 2011) (citations and quotation marks omitted).

[17] Under the section labeled "Events of Default" The Holly Drive Mortgages provide that, at Bank's option, an event of default includes the following:

> **Other Defaults**. [The Setrees fail] to comply with or to perform any other term, obligation, covenant, or condition contained in the Mortgage or in any of the Related Documents *or* to comply with or to perform any term, obligation, covenant or condition contained in *any other agreement* between [Bank] and [the Setrees].
>
> ….
>
> **Breach of Other Agreement**. Any breach by [the Setrees] *under the terms of any other agreement* between [the Setrees] and [Bank] *that is not remedied within any grace period provided therein*, including without limitation any agreement concerning any indebtedness or other obligation of [the Setrees] to [Bank], whether existing now or later.

....

> **Right to Cure**. If such failure is curable and if [the Setrees have] not given a notice of a breach of the same provision of this Mortgage within the preceding twelve (12) months, it may be cured (and no Event of Default will have occurred) if [the Setrees], after [Bank] sends written notice demanding cure of such failure: (a) cures the failure within twenty (20) days; or (b) if the cure requires more than twenty (20) days, immediately initiates steps sufficient to cure the failure and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

Appellants' App. at 22-23, 32-33; Appellee's App. at 110-11 (emphases added).

[18] The Setrees argue that the cross-default clause in the Holly Drive Mortgages does not include unrelated agreements and that the Cardinal Lane Mortgage is unrelated to the Holly Drive Mortgages. They assert that the phrase "any other agreement" as used in the "Other Defaults" clause cannot apply to mortgages which were executed later or otherwise have no connection to the Holly Drive Property. However, the Setrees focus only on the latter part of that sentence. They completely ignore the first part, which refers to the failure "to comply with or to perform any term … in the Mortgage or in any of the Related Documents." *Id*. If the failure to comply with the mortgage itself and any related documents is an event of default, then "any other agreement" must refer to agreements between the parties that are unrelated, including the Cardinal Lane Mortgage. Therefore, we conclude that the Kentucky court's determination that a breach of the Cardinal Lane Mortgage constituted a default of all three notes and gave Bank right to foreclosure on all its mortgages includes the Holly Drive Mortgages.

[19] Second, the Kentucky cases have decided the issue of notice and opportunity to cure. By its own terms, the Holly Drive Mortgages do not provide the Setrees with an additional layer for notice and an opportunity to cure above that provided in the Cardinal Lane Mortgage. In the "Breach of Other Agreement" clause, the Holly Drive Mortgages state, "Any breach by [the Setrees] under the terms of *any other agreement* between [the Setrees] and [Bank] that is not remedied within any grace period *provided therein*, including without limitation any agreement concerning any indebtedness or other obligation of [the Setrees] to [Bank], whether existing now or later" constitutes, at Bank's option, an event of default. *Id*. at 23, 33 (emphases added). Thus, in the event of the Setrees' breach of another agreement, the Holly Drive Mortgages provide the Setrees with the opportunity to remedy that breach as provided for in the agreement that they breached. Here, the Setrees breached the Cardinal Lane Mortgage by failing to pay property taxes on it. They knew that the failure to pay the taxes was a breach and were given nearly a year to remedy the breach. No additional notice and opportunity to cure are provided under the Holly Drive Mortgages. As a practical matter, we fail to see how the Setrees could have cured this particular default under the Holly Drive Mortgages when they failed to pay the delinquent taxes and cure their default under the Cardinal Lane Mortgage. The *Setree I* court concluded that the issue of notice and opportunity to cure under the Cardinal Lane Mortgage had already been decided by the Kentucky cases. There is no other issue to explore here. We conclude that the Setrees' challenge to the foreclosure of the Holly Drive Property is barred by issue preclusion.

# Section 2 – Foreclosure of the Holly Drive Property is not an unconscionable remedy.

[20]    The Setrees also argue that foreclosure is an unconscionable remedy.   We observe,

> When a party can show that the contract, which is sought to be enforced, was in fact an unconscionable one, due to a prodigious amount of bargaining power on behalf of the stronger party, which is used to the stronger party's advantage and is unknown to the lesser party, causing a great hardship and risk on the lesser party, the contract provision, or the contract as a whole, if the provision is not separable, should not be enforceable on the grounds that the provision is contrary to public policy.

*Weaver v. Am. Oil Co.*, 257 Ind. 458, 464, 276 N.E.2d 144, 148 (1971).

[21]    The Setrees argue that the judgments Bank received on the Cardinal Lane, Roederer Drive, and Virginia Avenue Properties far exceed their delinquent taxes of $3116.55, which provided the basis for the foreclosures.  Such a comparison is misplaced and inconsequential.  The amount recovered by Bank is relevant to the amount of the Setrees' indebtedness.  More importantly, the Setrees have made no showing that Bank used a prodigious amount of bargaining power to impose a contractual provision that was unknown to them and placed great hardship and risk upon them.  We are unpersuaded by the Setrees' argument that foreclosure of the Holly Drive Property is unconscionable.

[22]    Based on the foregoing, we affirm the summary judgment order granting foreclosure and sale of the Holly Drive Property.

[23] Affirmed.

Brown, J., and Pyle, J., concur.